CR-15-00285-LHK

SEALED BY ORDER OF THE COURT

FILED
OCT 28 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

## THE UNITED STATES OF AMERICA

### vs.

## DANIEL CHAVEZ, a/k/a "Youngster," VICTOR SKATES, a/k/a "Demon," EDUARDO LEBRON, a/k/a "Warlord," EDER TORRES, a/k/a "Flaco," JULIAN RUIZ, a/k/a "JJ," ANTONIO CRUZ, TERRELL GOLDEN, a/k/a "G," ANTHONY LEK, and ROBERT LOERA, a/k/a "Buddha."

## SUPERSEDING INDICTMENT

**COUNTS: SEE ATTACHED SHEET**

*A true bill.*

_____
Deputy          *Foreperson*

*Filed in open court this* 28th *day of* october
*A.D.* 2015

_____
**United States Magistrate Judge**

**Bail. $** No bail arrest warrants as to each Defendant



## COUNTS

COUNT 1:   (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

COUNT 2:   (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering)

COUNT 3:   (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering)

COUNT 4:   (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use of Firearm in Furtherance of Crime of Violence)

COUNT 5:   (18 U.S.C. § 1951(a) — Conspiracy to Commit Robbery Affecting Interstate Commerce)

COUNT 6:   (18 U.S.C. §§ 2113(a) and (d), and 371 — Conspiracy to Rob Banks and Credit Unions)

COUNT 7:   (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use of Firearm in Furtherance of Crime of Violence)

COUNT 8:   (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-1)

COUNT 9:   (18 U.S.C. §§ 924(j)(1) and 2 — Use of Firearm in Furtherance of Crime of Violence Resulting in Murder)

COUNT 10:   (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 11:   (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-2)

COUNT 12:   (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-3)

COUNT 13:   (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in Murder)

COUNT 14:   (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 15:   (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-4)

COUNT 16:   (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in Murder)

COUNT 17:     (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
              Crime of Violence)

COUNT 18:     (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-5)

COUNT 19:     (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime
              of Violence Resulting in Murder)

COUNT 20:     (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
              Crime of Violence)

COUNT 21:     (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-6)

COUNT 22:     (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime
              of Violence Resulting in Murder)

COUNT 23:     (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
              Crime of Violence)

COUNT 24:     (18 U.S.C. § 1951(a) –Robbery Affecting Interstate Commerce)

COUNT 25:     (18 U.S.C. § 924(c)(1)(A) and 2 -- Use/Possession of Firearm in Furtherance of a
              Crime of Violence)

COUNT 26:     (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-7)

COUNT 27:     (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime
              of Violence Resulting in Murder)

COUNT 28:     (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
              Crime of Violence)

COUNT 29:     (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-8)

COUNT 30:     (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime
              of Violence Resulting in Murder)

COUNT 31:     (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
              Crime of Violence)

COUNT 32:     (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-9)

COUNT 33:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in Murder)

COUNT 34:    (18 U.S.C. § 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 35:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of Victim-10)

COUNT 36:    (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim-10)

COUNT 37:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 38:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of Victim-11)

COUNT 39:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of Victim-12)

COUNT 40:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of Victim-13)

COUNT 41:    (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim-11)

COUNT 42:    (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim-12)

COUNT 43:    (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim-13)

COUNT 44:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 45:    (18 U.S.C. §§ 1959(a)(5) and 3 — Accessory After the Fact)

COUNT 46:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-14)

COUNT 47:        (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime
                 of Violence Resulting in Murder)

COUNT 48:        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
                 Crime of Violence)

COUNT 49:        (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-15)

COUNT 50:        (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime
                 of Violence Resulting in Murder)

COUNT 51:        (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of
                 Victim-16)

COUNT 52:        (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of
                 Victim-17)

COUNT 53:        (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of
                 Racketeering of Victim-16)

COUNT 54:        (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of
                 Racketeering of Victim-17)

COUNT 55         (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
                 Crime of Violence)

COUNT 56:        (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-18)

COUNT 57:        (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime
                 of Violence Resulting in Murder)

COUNT 58:        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
                 Crime of Violence)

COUNT 59:        (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

COUNT 60:        (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

COUNT 61:        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of
                 Crime of Violence)

COUNT 62:        (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

COUNT 63:    (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

COUNT 64:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 65:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of Victim-19)

COUNT 66:    (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim-19)

COUNT 67:    (18 U.S.C. §§ 924(c)(1)(A) and 2 —– Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 68:    (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

COUNT 69:    (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

COUNT 70:    (18 U.S.C. §§ 924(c)(1)(A) and 2 —– Use/Possession of Firearm in Furtherance of Crime of Violence)

COUNT 71:    (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

COUNT 72:    (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

COUNT 73:    (18 U.S.C. §§ 924(c)(1)(A) and 2 —– Use/Possession of Firearm in Furtherance of Crime of Violence)

SEALED BY ORDER
OF THE COURT

1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney



8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  15-CR-00285 (S-1) (LHK) |
| v. | VIOLATIONS: 18 U.S.C. § 1962(d) – Racketeering Conspiracy; 18 U.S.C. § 1959 –Violent Crimes in Aid of Racketeering; 18 U.S.C. § 924(j) – Use of Firearm Causing Murder; 18 U.S.C. § 2113(a) and (d) – Armed Bank Robbery; 18 U.S.C. § 371 – Conspiracy to Commit Armed Bank Robbery; 18 U.S.C. § 1951(a) —Robbery Affecting Interstate Commerce and Conspiracy; 18 U.S.C. § 924(c) – Use/Possession of Firearm in Furtherance of Crime of Violence; 18 U.S.C. § 3 – Accessory After the Fact; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. §§ 924, 981(a)(1)(C), 1963 and 28 U.S.C. § 2461(c) – Criminal Forfeiture |
| DANIEL CHAVEZ, a/k/a "Youngster," VICTOR SKATES, a/k/a "Demon," EDUARDO LEBRON, a/k/a "Warlord," EDER TORRES, a/k/a "Flaco," JULIAN RUIZ, a/k/a "JJ," ANTONIO CRUZ, TERRELL GOLDEN, a/k/a "G," ANTHONY LEK, and ROBERT LOERA, a/k/a "Buddha." | |
| Defendants. | SAN JOSE VENUE |
| | **UNDER SEAL** |

23              S U P E R S E D I N G   I N D I C T M E N T

24  The Grand Jury charges, with all dates being approximate and all date ranges both approximate and

25  inclusive, that at all times relevant to this Superseding Indictment:

26                  Introductory Allegations

27       1.    *Nuestra Familia* — Spanish for "Our Family" and also known by the letters "NF" — was

28  a prison gang that was formed in the late 1960s in the California State prison system.  The rise of

SUPERSEDING INDICTMENT

1  *Nuestra Familia* was linked to the emergence in the late 1950s of another prison gang called the

2  Mexican Mafia, also known as "*La Eme*." Hispanic inmates in the California State prison system joined

3  together to form what became the Mexican Mafia for protection against other prison gangs as well as to

4  engage in illegal activities for profit. The Mexican Mafia soon became dominated by Mexican and

5  Mexican-American inmates from Southern California, and Hispanic inmates from Northern California

6  perceived that they were marginalized under the dominion of the Mexican Mafia. As a result, Hispanic

7  inmates with roots in Northern California banded together and formed what became *Nuestra Familia* in

8  order to protect themselves and advance their own interests.

9      2.    By the 1970s, *Nuestra Familia* rivaled the power of the Mexican Mafia and other prison

10  gangs in California, and the competition between members and associates of *Nuestra Familia* and the

11  Mexican Mafia resulted in violent and often fatal encounters. Similarly, outside of prison, the members

12  and associates of *Nuestra Familia* and the Mexican Mafia competed with each other to control such

13  profitable criminal activities as narcotics trafficking, extortion, and robbery. This competition between

14  the two rivals led to murder, attempted murder, and other acts of violence.

15      3.    *Nuestra Familia* was composed of relatively few full members, known as "*carnales*,"

16  who controlled the gang. A *carnal* must value *Nuestra Familia* above all else, including family, friends,

17  and other loyalties. According to *Nuestra Familia*'s rules, once one becomes a *carnal*, under most

18  circumstances, death is the only way to withdraw from the gang. Despite being imprisoned and being

19  closely scrutinized by prison officials, *Nuestra Familia carnales* still managed to convey their orders to

20  NF members and associates throughout the prison system and outside of prison through a variety of

21  means, including secret notes, called "kites" or "filters," coded letters, and messages conveyed by

22  complicit visitors. *Nuestra Familia* had a written constitution drafted by its highest ranking *carnales*

23  that set forth its purpose and ideology, its rules, its symbols, its rituals, and its organizational structure.

24      4.    *Nuestra Familia carnales* controlled and directed the activities of other criminals,

25  including members of various *Norteño* street gangs outside of prison. *Nuestra Familia* was able to

26  assert control and influence over *Norteño* gang members outside the prison system because: (1) the

27  *Norteño* gang members did not want their incarcerated members to be assaulted, and (2) the *Norteño*

28  gang members wanted the protection provided by *Nuestra Familia* if they ever became incarcerated.

1  *Norteños* were gang members who were generally from Northern California, who pledged their

2  allegiance and loyalty to *Nuestra Familia*, and who were instructed on the rules, rituals, and obligations

3  of *Nuestra Familia*.[1]  *Norteños* referred to each other as "*hermanos*" or "bros," and new *carnales* were

4  pulled from the ranks of *Norteños* who proved their loyalty to *Nuestra Familia* by committing crimes for

5  the gang's benefit.

6       5.      Outside of prison, *Nuestra Familia* was organized in a particular geographic territory into

7  "regiments," or crews of members and associates who committed crimes for the gang's benefit.  A

8  regiment was usually led by a regimental commander who was usually a carnal or a high-level *Norteño*.

9  Some *carnales* commanded more than one NF regiment.  The rank and file of an NF regiment were

10  called "soldiers" and were usually *Norteños* and "Northerners" (street gang members who claimed

11  general affiliation with NF, but who had not yet become *Norteños*).  Among other things, the regimental

12  commander was responsible for overseeing the criminal activities of his regiment, collecting his

13  regiment's criminal proceeds, and — after keeping his appropriate share — transferring a portion of the

14  criminal proceeds to his superiors in *Nuestra Familia*'s hierarchy via third-party accounts and other

15  means.  The city of Salinas and the surrounding unincorporated area were controlled by one regiment.

16       6.      *Norteños* were organized into smaller cliques or "hoods" based on the local

17  neighborhoods where their members resided or were actively engaged in gang activity.  Each *Norteño*

18  clique had a name and its members and associates met and worked together to carry out their illegal

19  activities for their own individual benefit, the benefit of the particular *Norteño* clique, the benefit of

20  *Norteños* generally, and the benefit of *Nuestra Familia*.[2]  These *Norteño* cliques fought with rival

21  *Sureño* street gangs, and to a lesser extent other *Norteño* cliques, for control of territory in which to

22  conduct narcotics trafficking and other crimes, as well as to recruit and influence non-gang members.  In

23  addition to fighting for control over remunerative illegal activities and using violence and terror for the

24  _____

25  [1]  The Mexican Mafia exerted similar influence and control over *Sureño* street gangs. *Norteños* dominated street gang activity in Northern California, whereas *Sureños* dominated street gang activity in

26  Southern California, but also developed a significant presence in Northern California.

   [2]  Northerners also associated with particular cliques and sought to earn promotion to the status of

27  a *Norteño* by proving themselves through the commission of criminal activity benefitting the gang and/or by spending time in jail or prison.  This process was often referred to as "coming up."  Thus,

28  Northerners typically engaged in the same types of crimes as *Norteños*, including crimes of violence such as murder, assault, and robbery.

- 3 -

SUPERSEDING INDICTMENT

purpose of enriching themselves, *Norteño* cliques engaged in violence simply to assert their gang identities, to claim or protect their territory, to challenge or respond to a challenge, to retaliate against a rival gang or member, to gain notoriety and show their superiority over others and to send a message to others that they are strong, powerful, and not to be provoked.

7.    *Norteño* cliques acquired and needed to maintain a reputation for being strong and powerful. They also needed to increase their membership to survive and continue functioning as an organization on the streets. When a *Norteño* clique had a reputation for being weak, other gangs challenged and assaulted its members, and attempted to take over its territory. *Norteño* cliques that had a large membership and a reputation for being strong, powerful, and dominant faced fewer challenges from rival gangs, and victims/witnesses were even more reluctant to assist law enforcement authorities with any efforts to prosecute such gangs. This allowed the clique, and *Norteños* in general, to grow in strength, thrive in their criminal activity, and rule their territory. Sometimes *Norteño* gang members from different cliques combined to engage in illegal activities, including narcotics trafficking and robberies, or to seek protection against rival *Sureño* gangs. *Norteño* gang members often socialized with *Norteño* gang members from other neighborhoods, not just with other *Norteños* in their own particular clique.

8.    Within the ranks of *Norteños*, gang members earned promotion and prestige by proving themselves through the commission of criminal activities benefitting the gang and/or by spending time in jail or prison. *Norteños* committed crimes such as robbery, extortion, and narcotics trafficking to enrich themselves and *Nuestra Familia*. *Norteños* often paid a portion of their illicit proceeds as a "tax" or "contribution" to *Nuestra Familia carnales*. *Norteños* also engaged in acts of violence, including murder and attempted murder, against their rivals, most notably *Sureños*. Such violence was the quickest way to earn prestige for the individual gang member, his clique, *Norteños* in general, and *Nuestra Familia*. A member or associate of a *Norteño* clique was expected to "hunt" — that is, seek out and beat, stab, and shoot — *Sureños*. Similarly, a member or associate of a *Norteño* gang was expected to confront and attack any suspected *Sureño* he encountered. Because of this on-going war, many innocent individuals have been hurt or killed as a result of mistaken identity or for being in the wrong place at the wrong time.

SUPERSEDING INDICTMENT

9.    *Norteños* identified themselves with the color red, the number "14" and/or the Roman numeral "XIV." The number "14" corresponds with the letter "N," which is the fourteenth letter of the alphabet; the letter "N," in turn, was a symbol of *Nuestra Familia*. As with the number "14" and the Spanish word "*Norteño*," "Norte" was commonly, but not exclusively, displayed by *Norteño* criminal street gang members in tattoos, graffiti, drawings, hand signs, and on clothing, as a way of displaying their affiliation, loyalty, and commitment to the gang.

10.    *Sureños* identified themselves with the color blue, the number "13" and/or the Roman numeral "XIII," "X3" and "*trece*," which is Spanish for thirteen. The number "13" corresponds with the letter "M," which is the thirteenth letter of the alphabet; the letter "M," in turn, was a symbol of the Mexican Mafia. As with the number "13" and the Spanish word "*Sureño*," "*Sur*" was commonly, but not exclusively, displayed by *Sureño* criminal street gang members in tattoos, graffiti, drawings, hand signs, and on clothing, as a way of displaying their affiliation, loyalty, and commitment to the gang.

The Salinas <em>Norteños</em> Enterprise

11.    East Las Casitas ("ELC") was a *Norteño* street gang based in Salinas, California. It was often referred to by the initials "ELC." ELC has existed as a *Norteño* street gang in Salinas for over ten years. ELC was considered a subset, "clique," or "hood" within the umbrella of *Norteño* street gangs. ELC was one of the smaller *Norteño* cliques in Salinas, but also one of the most prestigious because it had a reputation for being one of the most active cliques in committing violence against its enemies, principally *Sureño* gangs. As a result, some ELC gang members obtained high-ranking positions within the *Nuestra Familia* prison gang. ELC also began conducting take-over style robberies of banks, jewelry stores, and other commercial establishments, which proved to be very lucrative. These robberies attracted *Norteño* gang members from other cliques who sought to associate with ELC and attempt to become involved in such criminal activity with ELC members. ELC remained a small, close-knit group, but allowed a few non-ELC members (all of whom were *Norteño* gang members from other cliques in Salinas) to become involved in some of their robberies and attacks on rival *Sureño* gang members.

12.    Salinas East Market ("SEM") was another *Norteño* street gang based in Salinas, California. It is often referred to as "Market" or by its initials "SEM." SEM has existed as a *Norteño*

1  street gang in Salinas for over ten years.  SEM was considered a subset, "clique," or "hood" within the

2  umbrella of *Norteño* street gangs.  The SEM clique was one of the largest *Norteño* cliques in Salinas.

3  Some SEM gang members have obtained high-ranking positions within the *Nuestra Familia* prison

4  gang.  At least one SEM gang member associated with the ELC clique and regularly conducted

5  robberies and attacks on rival *Sureño* gang members with the ELC clique.

6      13.    Santa Rita ("Santa Rita") was another *Norteño* street gang based in Salinas, California.  It

7  is often referred to as "Santa Rita."  Santa Rita has existed as a *Norteño* street gang in Salinas for over

8  ten years.  Santa Rita was considered a subset, "clique," or "hood" within the umbrella of *Norteño* street

9  gangs.  At least one Santa Rita gang member associated with the ELC clique and regularly conducted

10  robberies and attacks on rival *Sureño* gang members with the ELC clique.

11      14.    The ELC clique allowed select gang members from other *Norteño* cliques, including

12  SEM and Santa Rita, to join forces with them and essentially operate as a single, unified association-in-

13  fact enterprise (the "Salinas *Norteños* Enterprise" or the "Enterprise"), to conduct violent attacks on

14  *Sureños*, or individuals perceived to be *Sureños*, and to conduct take-over style robberies of banks and

15  other commercial establishments.

The Racketeering Enterprise

16

17      15.    For all time periods relevant to this Superseding Indictment, the Salinas *Norteños*

18  Enterprise was composed of ELC, SEM, and Santa Rita gang members and associates, as well as

19  members of other *Norteño* gangs in Salinas, California, who coordinated and engaged in criminal

20  activity together.  The Salinas *Norteños* Enterprise, including its leadership, members, and associates, in

21  the Northern District of California, the State of California, and elsewhere, constituted an "enterprise" as

22  defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals

23  associated in fact, and that was engaged in and its activities affected interstate and foreign commerce.

24  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a

25  common purpose of achieving the objectives of the Enterprise.

Purposes of the Enterprise

26

27      16.    The purposes of the Salinas *Norteños* Enterprise included the following:

28          a.    Preserving and protecting the power, territory, reputation, and profits of the

- 6 -

SUPERSEDING INDICTMENT

1  Enterprise through the use of intimidation, violence, threats of violence, assault, robbery, and murder;

2          b.     Promoting and enhancing the Enterprise and the activities of its members and

3  associates, including, but not limited to, murder, attempted murder, robbery, and other criminal

4  activities;

5          c.     Keeping victims, potential victims, and community members in fear of the

6  Enterprise and its members and associates through violence and threats of violence;

7          d.     Providing financial support and information to *Nuestra Familia* members and

8  associates; and

9          e.     Protecting the Enterprise's members and associates who committed crimes by

10  hindering, obstructing, and preventing law enforcement officers from identifying the offenders,

11  apprehending the offenders, and successfully prosecuting and punishing the offenders.

12                                    The Defendants

13          17.    Defendant DANIEL CHAVEZ, a/k/a "Youngster," has been a member of the *Norteño*

14  street gang ELC for over ten years. Since at least 2009, CHAVEZ was the squad leader of the

15  Enterprise and directed or participated in at least a dozen shootings of suspected enemies (typically,

16  suspected *Sureños*), and committed at least a half dozen armed robberies of banks and commercial

17  establishments for the benefit of the Enterprise. CHAVEZ obtained the following *Norteño*-related

18  tattoos: four dots on his left elbow.

19          18.    Defendant VICTOR SKATES, a/k/a "Demon," has been a member of the *Norteño* street

20  gang ELC since at least 2005. Since at least 2009, SKATES operated as a squad member of the

21  Enterprise and participated in at least ten shootings of suspected enemies (typically, suspected *Sureños*),

22  and committed at least a dozen armed robberies of banks and commercial establishments for the benefit

23  of the Enterprise. SKATES obtained the following *Norteño*-related tattoos: "ELC" on his face, a red

24  "C" on his neck, a red star on his face, the word "Norte" and the number "14" on his left hand, four dots

25  on his face, and the letter "N" on his face.

26          19.    Defendant EDUARDO LEBRON, a/k/a "Warlord," has been a member of the *Norteño*

27  street gang ELC for over ten years. Since at least 2009, LEBRON operated as a squad member of the

28  Enterprise and participated in at least three shootings of suspected *Sureño* gang members for the benefit

SUPERSEDING INDICTMENT

1    of the Enterprise. LEBRON has the following *Norteño*-related tattoos: "XIV" on his left forearm.

2         20.     Defendant EDER TORRES, a/k/a "Flaco," has been a member of the *Norteño* street gang

3    ELC since at least 2007. Since at least 2009, TORRES operated as a squad member of the Enterprise

4    and participated in at least two shootings of suspected *Sureño* gang members, and committed at least one

5    armed robbery of a credit union for the benefit of the Enterprise. TORRES has the following *Norteño*-

6    related tattoos: "ELC" on his middle finger, his right forearm, and the back of his head, "XIV" on his

7    left hand, the Huelga bird on his left forearm, four dots under his left eye, and "Norte" on his chest,

8         21.     Defendant JULIAN RUIZ, a/k/a "JJ," has been a member of the *Norteño* street gang ELC

9    since at least 2006. Since at least 2009, RUIZ operated as a squad member of the Enterprise and

10    participated in at least two shootings of suspected enemies (typically, suspected *Sureños*) for the benefit

11    of the Enterprise. RUIZ has the following *Norteño*-related tattoos: "East Side" on his forearms,

12    "Casitas" on his right arm, "XIV" on his right forearm, "ELC" on his neck, the northern star and a red

13    star on his neck.

14         22.     Defendant ANTONIO CRUZ has been a member of the *Norteño* street gang Santa Rita

15    since at least 2009. Since at least 2009, CRUZ operated as a squad member of the Enterprise and

16    participated in at least three shootings of suspected *Sureño* gang members, and committed at least five

17    armed robberies of banks and commercial establishments for the benefit of the Enterprise.

18         23.     Defendant TERRELL GOLDEN, a/k/a "G," has been a member of the *Norteño* street

19    gang SEM since at least 2009. Since at least 2009, GOLDEN operated as a squad member of the

20    Enterprise and participated in at least one shooting of suspected *Sureño* gang members for the benefit of

21    the Enterprise. GOLDEN has the following *Norteño*-related tattoos: "500 Block" and "Eastside" on his

22    face.

23         24.     Defendant ANTHONY LEK has been a member of the *Norteño* street gang Santa Rita

24    since at least 2007. Since at least 2009, LEK operated as a squad member of the Enterprise and

25    committed at least two armed robberies of banks and commercial establishments for the benefit of the

26    Enterprise. LEK has the following *Norteño*-related tattoos: "NS" on his abdomen and on his chest, and

27    a "B" under the outside corner of his right eye.

28         25.     Defendant ROBERT LOERA is not a member of a gang, but has been associating with

gang members from ELC, SEM and Santa Rita since at least 2009. Since that time he has permitted Enterprise members to use his house as a safe haven or a type of home base at which to plan robberies and shootings, regroup after such crimes, monitor police communications and response to crimes utilizing a scanner, and store firearms and other robbery tools and proceeds.

26.     Each defendant, as a member of the Salinas *Norteños* Enterprise, acted individually, and also with other members and associates of the Salinas *Norteños* Enterprise, in the commission of racketeering activities and other criminal conduct. Among other activities taken in furtherance of the Salinas *Norteños* Enterprise, the defendants hunted and shot at individuals believed to be *Sureño* gang members, assisted other Salinas *Norteños* Enterprise members to hunt for and shoot individuals believed to be *Sureño* gang members, shot at other rival gang members or other enemies, and committed armed robberies of banks and other commercial establishments with other Salinas *Norteños* Enterprise members.

COUNT ONE:        (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

The Racketeering Conspiracy

27.     Paragraphs 1 through 26 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

28.     From 2009, and continuing up through 2011, in the Northern District of California and elsewhere, the defendants,

DANIEL CHAVEZ, a/k/a "Youngster,"

VICTOR SKATES, a/k/a "Demon,"

EDUARDO LEBRON, a/k/a "Warlord,"

EDER TORRES, a/k/a "Flaco,"

JULIAN RUIZ, a/k/a "JJ,"

ANTONIO CRUZ,

TERRELL GOLDEN, a/k/a "G,"

ANTHONY LEK, and

ROBERT LOERA, a/k/a "Buddha,"

SUPERSEDING INDICTMENT

1   together with others known and unknown, each being a person employed by and associated with the

2   Salinas *Norteños* Enterprise, an enterprise engaged in, and the activities of which affected, interstate and

3   foreign commerce, knowingly and intentionally conspired to violate Title 18, United States Code,

4   Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of

5   the Salinas *Norteños* Enterprise through a pattern of racketeering activity, as defined in Title 18, United

6   States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts

7   and threats involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664,

8   653f, and 422; multiple acts and threats involving robbery, in violation of California Penal Code §§ 211,

9   212.5, 213, 182, 21a, and 664; and multiple acts indictable under 18 U.S.C. §§ 1503 (Obstruction of

10   Justice), 1512 and 1513 (Witness Retaliation and Tampering), and 1951 (Robbery Affecting Interstate

11   Commerce and conspiracy).

12         29.    It was part of the conspiracy that each defendant agreed that a conspirator would commit

13   at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

14                        Means and Methods of the Conspiracy

15         30.    It was part of the means and methods of the conspiracy that the defendants and other

16   members and associates of the Salinas *Norteños* Enterprise got together on a regular basis and discussed

17   with other members and associates of the Salinas *Norteños* Enterprise, among other things, the

18   membership, rules, and enforcement of the rules of the Salinas *Norteños* Enterprise; the status of Salinas

19   *Norteños* Enterprise members and associates who were arrested or incarcerated; the status of individual

20   *Norteños* and cliques; Salinas *Norteños* Enterprise members' crimes and encounters with law

21   enforcement; the identities of individuals suspected of cooperating with law enforcement and the

22   proposed actions to be taken against them; and plans and agreements regarding the commission of future

23   crimes, including murder, shootings, robbery, illegal possession of firearms, and assault, as well as ways

24   to conceal these crimes.

25         31.    It was further part of the means and methods of the conspiracy that the defendants and

26   other members and associates of the Salinas *Norteños* Enterprise agreed to purchase, possess, maintain,

27   use, and circulate a collection of firearms for use in criminal activity by the members and associates of

28   the Salinas *Norteños* Enterprise.

- 10 -

32.    It was further part of the means and methods of the conspiracy that the defendants and other members and associates of the Salinas *Norteños* Enterprise agreed that acts of violence, including murder, attempted murder, and assault, would be committed by members and associates of the Salinas *Norteños* Enterprise against actual and suspected members of rival gangs, *Norteño* dropouts, individuals suspected of cooperating with law enforcement, individuals who defied the will of the Salinas *Norteños* Enterprise, and others when such violence furthered the status and goals of the Enterprise.

33.    It was further part of the means and methods of the conspiracy that the defendants and other members and associates of the Salinas *Norteños* Enterprise agreed to commit robbery, and other crimes, and to conceal their criminal activities by obstructing justice, threatening and intimidating witnesses, and other means.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:    (18 U.S.C. § 1959(a)(5) — Conspiracy to Commit Murder in Aid of Racketeering)

34.    Paragraphs 1 through 26 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

35.    At all times relevant to this Superseding Indictment, the Salinas *Norteños* Enterprise, the above-described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, multiple acts and threats involving murder, in violation of California Penal Code §§ 187, 188, 189, 182, 21a, 664, 653f, and 422; multiple acts and threats involving robbery, in violation of California Penal Code §§ 211, 212.5, 213, 182, 21a, and 664; and multiple acts indictable under 18 U.S.C. §§ 1503, 1512, 1513, and 1951.

36.    From 2009, and continuing through 2011, in the Northern District of California and elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, the defendants,

DANIEL CHAVEZ, a/k/a "Youngster,"

VICTOR SKATES, a/k/a "Demon,"

EDUARDO LEBRON, a/k/a "Warlord,"

- 11 -

SUPERSEDING INDICTMENT

1   EDER TORRES, a/k/a "Flaco,"

2   JULIAN RUIZ, a/k/a "JJ,"

3   ANTONIO CRUZ,

4   TERRELL GOLDEN, a/k/a "G,"

5   ANTHONY LEK, and

6   ROBERT LOERA, a/k/a "Buddha,"

7   together with others known and unknown, knowingly and intentionally combined, conspired,

8   confederated, and agreed together and with each other to commit murder, in violation of California

9   Penal Code Sections 187, 188, and 189, to wit, the defendants agreed with other members of the Salinas

10  *Norteños* Enterprise to kill actual and suspected members of rival gangs, *Norteño* dropouts, individuals

11  suspected of cooperating with law enforcement, individuals who defied the will of the Salinas *Norteños*

12  Enterprise, and others when it furthered the status and goals of the Enterprise.

13      All in violation of Title 18, United States Code, Section 1959(a)(5).

14  <u>COUNT THREE:</u>      (18 U.S.C. § 1959(a)(6) — Conspiracy to Commit Assault with a Dangerous

15          Weapon in Aid of Racketeering)

16      37.      Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

17  incorporated by reference as though fully set forth herein.

18      38.      From 2009, and continuing through 2011, in the Northern District of California and

19  elsewhere, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas

20  *Norteños* Enterprise, an enterprise engaged in racketeering activity, the defendants,

21  DANIEL CHAVEZ, a/k/a "Youngster,"

22  VICTOR SKATES, a/k/a "Demon,"

23  EDUARDO LEBRON, a/k/a "Warlord,"

24  EDER TORRES, a/k/a "Flaco,"

25  JULIAN RUIZ, a/k/a "JJ,"

26  ANTONIO CRUZ,

27  TERRELL GOLDEN, a/k/a "G,"

28  ANTHONY LEK, and

- 12 -

SUPERSEDING INDICTMENT

1    ROBERT LOERA, a/k/a "Buddha,"

2  together with others known and unknown, knowingly and intentionally combined, conspired,

3  confederated, and agreed together and with each other to commit assault with a dangerous weapon, in

4  violation of California Penal Code Section 245(a)(2), to wit, the defendants agreed with other members

5  of the Salinas *Norteños* Enterprise to assault, with guns and other dangerous weapons, actual and

6  suspected members of rival gangs, *Norteño* dropouts, individuals suspected of cooperating with law

7  enforcement, individuals who defied the will of the Salinas *Norteños* Enterprise, and others when it

8  furthered the status and goals of the Enterprise.

9    All in violation of Title 18, United States Code, Section 1959(a)(6).

10  COUNT FOUR:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of

11    Crime of Violence)

12    39.    From 2009, and continuing through 2011, in the Northern District of California and

13  elsewhere, the defendants,

14    DANIEL CHAVEZ, a/k/a "Youngster,"

15    VICTOR SKATES, a/k/a "Demon,"

16    EDUARDO LEBRON, a/k/a "Warlord,"

17    EDER TORRES, a/k/a "Flaco,"

18    JULIAN RUIZ, a/k/a "JJ,"

19    ANTONIO CRUZ,

20    TERRELL GOLDEN, a/k/a "G,"

21    ANTHONY LEK, and

22    ROBERT LOERA, a/k/a "Buddha,"

23  together with others known and unknown, knowingly used and carried a firearm during and in relation

24  to a crime of violence for which they may be prosecuted in a court of the United States, namely, the

25  racketeering conspiracy charged in Count One of this Superseding Indictment, the conspiracy to commit

26  murder in aid of racketeering charged in Count Two of this Superseding Indictment, and the conspiracy

27  to commit assault with a dangerous weapon in aid of racketeering charged in Count Three of this

28  Superseding Indictment, and aided and abetted the same; and possessed, brandished, and discharged a

- 13 -

SUPERSEDING INDICTMENT

1  firearm in furtherance of the offenses charged in Count One, Two, and Three of this Indictment, and

2  aided and abetted the same.

3      All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

4  <u>COUNT FIVE</u>:    (18 U.S.C. § 1951(a) – Conspiracy to Commit Robbery Affecting Interstate

5      Commerce)

6      40.    From 2009, and continuing through 2011, in the Northern District of California and

7  elsewhere, defendants

8  DANIEL CHAVEZ, a/k/a "Youngster,"

9  VICTOR SKATES, a/k/a "Demon,"

10  EDER TORRES, a/k/a "Flaco,"

11  ANTONIO CRUZ,

12  ANTHONY LEK, and

13  ROBERT LOERA, a/k/a "Buddha,"

14  together with others known and unknown, willfully and intentionally combined, conspired,

15  confederated, and agreed together and with one another to commit robbery, as that term is defined in

16  Title 18, United States Code, Section 1951(b)(1), and thereby would obstruct, delay, and affect

17  commerce and the movement of articles and commodities in commerce.

18      All in violation of Title 18, United States Code, Section 1951(a).

19  <u>COUNT SIX</u>:    (18 U.S.C. §§ 2113(a) and (d), and 371 – Conspiracy to Rob Banks and Credit

20      Unions)

21      41.    From 2009, and continuing through 2011, in the Northern District of California and

22  elsewhere, defendants

23  DANIEL CHAVEZ, a/k/a "Youngster,"

24  VICTOR SKATES, a/k/a "Demon,"

25  EDER TORRES, a/k/a "Flaco,"

26  ANTONIO CRUZ,

27  ANTHONY LEK, and

28  ROBERT LOERA, a/k/a "Buddha,"

- 14 -

SUPERSEDING INDICTMENT

1  together with others known and unknown, knowingly and intentionally combined, conspired,

2  confederated, and agreed together and with one another to commit an offense against the United States,

3  namely, to violate Title 18, United States Code, Section 2113(a) and (d).

4      42.    It was a part and an object of the conspiracy that defendants

5          DANIEL CHAVEZ, a/k/a "Youngster,"

6          VICTOR SKATES, a/k/a "Demon,"

7          EDER TORRES, a/k/a "Flaco,"

8          ANTONIO CRUZ,

9          ANTHONY LEK, and

10         ROBERT LOERA, a/k/a "Buddha,"

11 and their co-conspirators, knowingly would and did take by force, violence, and intimidation from the

12 person and presence of another, property and money belonging to, and in the care, custody, control,

13 management, and possession of banks and credit unions, and in committing such offense, would and did

14 assault and put in jeopardy the life of another person by the use of a dangerous weapon, specifically, a

15 firearm, all in violation of Title 18, United States Code, Section 2113(a) and (d).

16     43.    In furtherance of the conspiracy and to effect the illegal object thereof, the following

17 overt acts, among others, were committed in the Northern District of California and elsewhere:

18         a.    On January 21, 2009, defendants DANIEL CHAVEZ and VICTOR SKATES,

19 together with others, robbed the Bank of America inside a Save Mart Supermarkets store in Salinas,

20 California.

21         b.    On October 20, 2010, defendant VICTOR SKATES, together with others, robbed

22 the Golden1 Credit Union in Salinas, California.

23         c.    On November 23, 2010, defendants VICTOR SKATES and ANTONIO CRUZ,

24 together with others, robbed the Bank of the West in San Jose, California.

25         d.    On December 16, 2010, defendants VICTOR SKATES and ANTONIO CRUZ,

26 together with others, robbed the Wells Fargo bank in Watsonville, California.

27         e.    On January 7, 2011, defendants VICTOR SKATES and ANTONIO CRUZ,

28 together with others, robbed the Rabobank in Watsonville, California.

SUPERSEDING INDICTMENT

1          f.    On March 17, 2011, defendants VICTOR SKATES and ANTHONY LEK,

2 together with others, robbed the Chase bank in Santa Maria, California.

3          g.    On April 22, 2011, defendants DANIEL CHAVEZ and EDER TORRES, together

4 with others, robbed the Bay Federal Credit Union in Watsonville, California.

5     All in violation of Title 18, United States Code, Section 371.

6 <u>COUNT SEVEN</u>:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of

7               Crime of Violence)

8     44.    From 2009, and continuing through 2011, in the Northern District of California and

9 elsewhere, defendants

10               DANIEL CHAVEZ, a/k/a "Youngster,"

11               VICTOR SKATES, a/k/a "Demon,"

12               EDER TORRES, a/k/a "Flaco,"

13               ANTONIO CRUZ,

14               ANTHONY LEK, and

15               ROBERT LOERA, a/k/a "Buddha,"

16 together with others known and unknown, knowingly used and carried a firearm during and in relation

17 to a crime of violence for which they may be prosecuted in a court of the United States, namely, the

18 conspiracy to commit robbery affecting interstate commerce charged in Count Five of this Superseding

19 Indictment, and the conspiracy to commit bank and credit union robberies charged in Count Six of this

20 Superseding Indictment, and aided and abetted the same; and possessed, brandished, and discharged a

21 firearm in furtherance of the offenses charged in Counts Five and Six of this Superseding Indictment,

22 and aided and abetted the same.

23     All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

24 <u>COUNT EIGHT</u>:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

25               Victim-1)

26     45.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

27 incorporated by reference as though fully set forth herein.

28 //

- 16 -

SUPERSEDING INDICTMENT

1      46.    On January 15, 2009, on Las Casitas Drive in Salinas, California, in the Northern District

2 of California, for the purpose of gaining entrance to and maintaining and increasing position in the

3 Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

4 DANIEL CHAVEZ, a/k/a "Youngster," and

5 VICTOR SKATES, a/k/a "Demon,"

6 each aided and abetted by the other, willfully, and intentionally murdered Victim-1, in violation of

7 California Penal Code Sections 187, 188, and 189.

8 All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

9 <u>COUNT NINE</u>:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of

10 Crime of Violence Resulting in Murder)

11      47.    On January 15, 2009, on Las Casitas Drive in Salinas, California, in the Northern District

12 of California, defendants

13 DANIEL CHAVEZ, a/k/a "Youngster," and

14 VICTOR SKATES, a/k/a "Demon,"

15 each aided and abetted by the other, willfully and knowingly used and carried a firearm, during and in

16 relation to a crime of violence for which they may be prosecuted in a court of the United States, namely,

17 the murder in aid of racketeering of Victim-1 charged in Count Eight of this Superseding Indictment,

18 and possessed a firearm in furtherance of such crime, and in the course of that crime caused the death of

19 a person through the use of a firearm, which killing was murder as defined in Title 18, United States

20 Code, Section 1111(a).

21 All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

22 <u>COUNT TEN</u>:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of

23 Crime of Violence)

24      48.    On January 15, 2009, on Las Casitas Drive in Salinas, California, in the Northern District

25 of California, defendants

26 DANIEL CHAVEZ, a/k/a "Youngster," and

27 VICTOR SKATES, a/k/a "Demon,"

28 each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

- 17 -

SUPERSEDING INDICTMENT

1 | crime of violence for which they may be prosecuted in a court of the United States, namely, the murder

2 | in aid of racketeering of Victim-1 charged in Count Eight of this Superseding Indictment, and possessed,

3 | brandished, and discharged a firearm in furtherance of the offense charged in Count Eight of this

4 | Superseding Indictment.

5 |      All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

6 | <u>COUNT ELEVEN</u>:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

7 |                Victim-2)

8 |     49.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

9 | incorporated by reference as though fully set forth herein.

10 |     50.    On August 2, 2009, on Dallas Street in Salinas, California, in the Northern District of

11 | California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas

12 | *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

13 |                 DANIEL CHAVEZ, a/k/a "Youngster," and

14 |                 VICTOR SKATES, a/k/a "Demon,"

15 | each aided and abetted by the other, willfully and intentionally murdered Victim-2, in violation of

16 | California Penal Code Sections 187, 188, and 189.

17 |      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

18 | <u>COUNT TWELVE</u>:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

19 |                Victim-3)

20 |     51.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

21 | incorporated by reference as though fully set forth herein.

22 |     52.    On August 2, 2009, on Dallas Street in Salinas, California, in the Northern District of

23 | California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas

24 | *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

25 |                 DANIEL CHAVEZ, a/k/a "Youngster," and

26 |                 VICTOR SKATES, a/k/a "Demon,"

27 | each aided and abetted by the other, willfully and intentionally murdered Victim-3, in violation of

28 | California Penal Code Sections 187, 188, and 189.

SUPERSEDING INDICTMENT

1    All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

2    COUNT THIRTEEN: (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of

3    Crime of Violence Resulting in Murder)

4    53.    On August 2, 2009, on Dallas Street in Salinas, California, in the Northern District of

5    California, defendants

6    DANIEL CHAVEZ, a/k/a "Youngster," and

7    VICTOR SKATES, a/k/a "Demon,"

8    each aided and abetted by the other, willfully and knowingly used and carried a firearm, during and in

9    relation to a crime of violence for which they may be prosecuted in a court of the United States, namely,

10    the murders in aid of racketeering of Victim-2 and Victim-3 charged in Counts 11 and 12 of this

11    Superseding Indictment, and possessed a firearm in furtherance of such crime, and in the course of that

12    crime caused the death of a person through the use of a firearm, which killing was murder as defined in

13    Title 18, United States Code, Section 1111(a).

14    All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

15    COUNT FOURTEEN:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

16    Furtherance of Crime of Violence)

17    54.    On August 2, 2009, on Dallas Street in Salinas, California, in the Northern District of

18    California, defendants

19    DANIEL CHAVEZ, a/k/a "Youngster," and

20    VICTOR SKATES, a/k/a "Demon,"

21    each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

22    crime of violence for which they may be prosecuted in a court of the United States, namely, the murders

23    in aid of racketeering of Victim-2 and Victim-3 charged in Counts 11 and 12 of this Superseding

24    Indictment, and possessed, brandished, and discharged a firearm in furtherance of the offense charged in

25    Counts 11 and 12 of this Superseding Indictment, and aided and abetted the same.

26    All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

27    //

28    //

- 19 -

SUPERSEDING INDICTMENT

1  COUNT FIFTEEN:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

2                                    Victim-4)

3       55.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

4  incorporated by reference as though fully set forth herein.

5       56.    On September 10, 2009, on Rider Avenue in Salinas, California, in the Northern District

6  of California, for the purpose of gaining entrance to and maintaining and increasing position in the

7  Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

8                          VICTOR SKATES, a/k/a "Demon," and

9                          TERRELL GOLDEN, a/k/a "G,"

10  each aided and abetted by the other, willfully and intentionally murdered Victim-4, in violation of

11  California Penal Code Sections 187, 188, and 189.

12       All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

13  COUNT SIXTEEN:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of

14                                    Crime of Violence Resulting in Murder)

15       57.    On September 10, 2009, on Rider Avenue in Salinas, California, in the Northern District

16  of California, defendants

17                          VICTOR SKATES, a/k/a "Demon," and

18                          TERRELL GOLDEN, a/k/a "G,"

19  each aided and abetted by the other, willfully and knowingly used and carried a firearm, during and in

20  relation to a crime of violence for which they may be prosecuted in a court of the United States, namely,

21  the murder in aid of racketeering of Victim-4 charged in Count 15 of this Superseding Indictment, and

22  possessed a firearm in furtherance of such crime, and in the course of that crime caused the death of a

23  person through the use of a firearm, which killing was murder as defined in Title 18, United States

24  Code, Section 1111(a).

25       All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

26  //

27  //

28  //

- 20 -

SUPERSEDING INDICTMENT

1 | <u>COUNT SEVENTEEN:</u>        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

2 | Furtherance of Crime of Violence)

3 | 58.    On September 10, 2009, on Rider Avenue in Salinas, California, in the Northern District

4 | of California, defendants

5 | VICTOR SKATES, a/k/a "Demon," and

6 | TERRELL GOLDEN, a/k/a "G,"

7 | each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

8 | crime of violence for which they may be prosecuted in a court of the United States, namely, the murder

9 | in aid of racketeering of Victim-4 charged in Count 15 of this Superseding Indictment, and possessed,

10 | brandished, and discharged a firearm in furtherance of the offense charged in Count 15 of this

11 | Superseding Indictment.

12 | All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

13 | <u>COUNT EIGHTEEN:</u> (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

14 | Victim-5)

15 | 59.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

16 | incorporated by reference as though fully set forth herein.

17 | 60.    On December 2, 2009, on Lohman Street in Salinas, California, in the Northern District

18 | of California, for the purpose of gaining entrance to and maintaining and increasing position in the

19 | Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

20 | ANTONIO CRUZ,

21 | willfully and intentionally murdered Victim-5, in violation of California Penal Code Sections 187, 188,

22 | and 189.

23 | All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

24 | <u>COUNT NINETEEN:</u> (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of

25 | Crime of Violence Resulting in Murder)

26 | 61.    On December 2, 2009, on Lohman Street in Salinas, California, in the Northern District

27 | of California, defendant

28 | ANTONIO CRUZ,

- 21 -

SUPERSEDING INDICTMENT

1  willfully and knowingly used and carried a firearm, during and in relation to a crime of violence for

2  which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of

3  Victim-5 charged in Count 18 of this Superseding Indictment, and possessed a firearm in furtherance of

4  such crime, and in the course of that crime caused the death of a person through the use of a firearm,

5  which killing was murder as defined in Title 18, United States Code, Section 1111(a).

6        All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

7  <u>COUNT TWENTY:</u>   (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of

8                          Crime of Violence)

9        62.    On December 2, 2009, on Lohman Street in Salinas, California, in the Northern District

10 of California, defendant

11                          ANTONIO CRUZ,

12 knowingly used and carried a firearm during and in relation to a crime of violence for which he may be

13 prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-5 charged

14 in Count 18 of this Superseding Indictment, and possessed, brandished, and discharged a firearm in

15 furtherance of the offense charged in Count 18 of this Superseding Indictment.

16       All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

17 <u>COUNT TWENTY-ONE:</u>    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

18                          Victim-6)

19       63.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

20 incorporated by reference as though fully set forth herein.

21       64.    On December 11, 2009, on Rider Avenue in Salinas, California, in the Northern District

22 of California, for the purpose of gaining entrance to and maintaining and increasing position in the

23 Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

24                  DANIEL CHAVEZ, a/k/a "Youngster," and

25                  VICTOR SKATES, a/k/a "Demon,"

26 each aided and abetted by the other, willfully and intentionally murdered Victim-6, in violation of

27 California Penal Code Sections 187, 188, and 189.

28       All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

- 22 -

SUPERSEDING INDICTMENT

1  COUNT TWENTY-TWO:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance

2                      of Crime of Violence Resulting in Murder)

3       65.    On December 11, 2009, on Rider Avenue in Salinas, California, in the Northern District

4  of California, defendants

5                      DANIEL CHAVEZ, a/k/a "Youngster," and

6                      VICTOR SKATES, a/k/a "Demon,"

7  each aided and abetted by the other, willfully and knowingly used and carried a firearm, during and in

8  relation to a crime of violence for which they may be prosecuted in a court of the United States, namely,

9  the murder in aid of racketeering of Victim-6 charged in Count 21 of this Superseding Indictment, and

10 possessed a firearm in furtherance of such crime, and in the course of that crime caused the death of a

11 person through the use of a firearm, which killing was murder as defined in Title 18, United States

12 Code, Section 1111(a).

13      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

14 COUNT TWENTY-THREE: (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

15                      Furtherance of Crime of Violence)

16      66.    On December 11, 2009, on Rider Avenue in Salinas, California, in the Northern

17 District of California, defendants

18                      DANIEL CHAVEZ, a/k/a "Youngster," and

19                      VICTOR SKATES, a/k/a "Demon,"

20 each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

21 crime of violence for which they may be prosecuted in a court of the United States, namely, the murder

22 in aid of racketeering of Victim-6 charged in Count 21 of this Superseding Indictment, and possessed,

23 brandished, and discharged a firearm in furtherance of the offense charged in Count 21 of this

24 Superseding Indictment.

25      All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

26 COUNT TWENTY-FOUR:   (18 U.S.C. § 1951(a) –Robbery Affecting Interstate Commerce)

27      67.    On June 2, 2010, in the Northern District of California, defendants

28                      VICTOR SKATES, a/k/a "Demon,"

- 23 -

SUPERSEDING INDICTMENT

1    ANTONIO CRUZ, and

2    ANTHONY LEK,

3    each aided and abetted by each other, knowingly obstructed, delayed, and affected commerce and the

4    movement of articles and commodities in commerce by robbery, as that term is defined in Title 18,

5    United States Code, Section 1951(b)(1), of the Zales jewelry store in Gilroy, California.

6        All in violation of Title 18, United States Code, Sections 1951(a) and 2.

7    COUNT TWENTY-FIVE:    (18 U.S.C. § 924(c)(1)(A) and 2 -- Use/Possession of Firearm in

8    Furtherance of a Crime of Violence)

9        68.    On June 2, 2010, in the Northern District of California, defendants

10    VICTOR SKATES, a/k/a "Demon,"

11    ANTONIO CRUZ, and

12    ANTHONY LEK,

13    each aided and abetted by each other, knowingly used, carried, and brandished a firearm during and in

14    relation to a crime of violence for which they may be prosecuted in a court of the United States, namely,

15    the robbery affecting commerce charged in Count 24 of this Superseding Indictment, and possessed and

16    brandished a firearm in furtherance of the offense charged in Count 24 of this Superseding Indictment.

17        All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

18    COUNT TWENTY-SIX:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

19    Victim-7)

20        69.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

21    incorporated by reference as though fully set forth herein.

22        70.    On August 17, 2010, on Alamo Way in Salinas, California, in the Northern District of

23    California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas

24    *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

25    ANTONIO CRUZ,

26    willfully and intentionally murdered Victim-7, in violation of California Penal Code Sections 187, 188,

27    and 189, and aided and abetted the same.

28        All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

- 24 -

SUPERSEDING INDICTMENT

1  COUNT TWENTY-SEVEN: (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance

2  of Crime of Violence Resulting in Murder)

3      71.    On August 17, 2010, on Alamo Way in Salinas, California, in the Northern District of

4  California, defendant

5                          ANTONIO CRUZ,

6  willfully and knowingly used and carried a firearm, during and in relation to a crime of violence for

7  which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of

8  Victim-7 charged in Count 26 of this Superseding Indictment, and possessed a firearm in furtherance of

9  such crime, and in the course of that crime caused the death of a person through the use of a firearm,

10  which killing was murder as defined in Title 18, United States Code, Section 1111(a), and aided and

11  abetted the same.

12      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

13  COUNT TWENTY-EIGHT: (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

14  Furtherance of Crime of Violence)

15      72.    On August 17, 2010, on Alamo Way in Salinas, California, in the Northern District of

16  California, defendant

17                          ANTONIO CRUZ,

18  knowingly used and carried a firearm during and in relation to a crime of violence for which he may be

19  prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-7 charged

20  in Count 26 of this Superseding Indictment, and possessed, brandished, and discharged a firearm in

21  furtherance of the offense charged in Count 26 of this Superseding Indictment, and aided and abetted the

22  same.

23      All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

24  COUNT TWENTY-NINE:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

25                          Victim-8)

26      73.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

27  incorporated by reference as though fully set forth herein.

28  //

- 25 -

SUPERSEDING INDICTMENT

1    74.    On September 28, 2010, on Del Monte Avenue in Salinas, California, in the Northern

2    District of California, for the purpose of gaining entrance to and maintaining and increasing position in

3    the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

4                          VICTOR SKATES, a/k/a "Demon," and

5                          EDER TORRES, a/k/a "Flaco,"

6    each aided and abetted by the other, willfully and intentionally murdered Victim-8, in violation of

7    California Penal Code Sections 187, 188, and 189.

8            All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

9    COUNT THIRTY:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of

10   Crime of Violence Resulting in Murder)

11   75.    On September 28, 2010, on Del Monte Avenue in Salinas, California, in the Northern

12   District of California, defendants

13                         VICTOR SKATES, a/k/a "Demon," and

14                         EDER TORRES, a/k/a "Flaco,"

15   each aided and abetted by the other, willfully and knowingly used and carried a firearm, during and in

16   relation to a crime of violence for which they may be prosecuted in a court of the United States, namely,

17   the murder in aid of racketeering of Victim-8 charged in Count 29 of this Superseding Indictment, and

18   possessed a firearm in furtherance of such crime, and in the course of that crime caused the death of a

19   person through the use of a firearm, which killing was murder as defined in Title 18, United States

20   Code, Section 1111(a).

21           All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

22   COUNT THIRTY-ONE:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

23                         Furtherance of Crime of Violence)

24   76.    On September 28, 2010, on Del Monte Avenue in Salinas, California, in the Northern

25   District of California, defendants

26                         VICTOR SKATES, a/k/a "Demon," and

27                         EDER TORRES, a/k/a "Flaco,"

28   each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

- 26 -

SUPERSEDING INDICTMENT

1  crime of violence for which they may be prosecuted in a court of the United States, namely, the murder

2  in aid of racketeering of Victim-8 charged in Count 29 of this Superseding Indictment, and possessed,

3  brandished, and discharged a firearm in furtherance of the offense charged in Count 29 of this

4  Superseding Indictment.

5       All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

6  COUNT THIRTY-TWO:      (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

7  Victim-9)

8       77.     Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

9  incorporated by reference as though fully set forth herein.

10       78.     On October 1, 2010, on the campus of Alisal High School in Salinas, California, in the

11  Northern District of California, for the purpose of gaining entrance to and maintaining and increasing

12  position in the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

13                          VICTOR SKATES, a/k/a "Demon,"

14  willfully and intentionally murdered Victim-9, in violation of California Penal Code Sections 187, 188,

15  and 189.

16       All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

17  COUNT THIRTY-THREE:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance

18                          of Crime of Violence Resulting in Murder)

19       79.     On October 1, 2010, on the campus of Alisal High School in Salinas, California, in the

20  Northern District of California, defendant

21                          VICTOR SKATES, a/k/a "Demon,"

22  willfully and knowingly used and carried a firearm, during and in relation to a crime of violence for

23  which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of

24  Victim-9 charged in Count 32 of this Superseding Indictment, and possessed a firearm in furtherance of

25  such crime, and in the course of that crime caused the death of a person through the use of a firearm,

26  which killing was murder as defined in Title 18, United States Code, Section 1111(a).

27       All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

28  //

SUPERSEDING INDICTMENT

1  COUNT THIRTY-FOUR:    (18 U.S.C. § 924(c)(1)(A) and 2 — Use/Possession of Firearm in

2                        Furtherance of Crime of Violence)

3      80.    On October 1, 2010, on the campus of Alisal High School in Salinas, California, in the

4  Northern District of California, defendant

5                        VICTOR SKATES, a/k/a "Demon,"

6  knowingly used and carried a firearm during and in relation to a crime of violence for which he may be

7  prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-9 charged

8  in Count 32 of this Superseding Indictment, and possessed, brandished, and discharged a firearm in

9  furtherance of the offense charged in Count 32 of this Superseding Indictment.

10     All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

11  COUNT THIRTY-FIVE:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

12                        Racketeering of Victim-10)

13     81.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

14  incorporated by reference as though fully set forth herein.

15     82.    On October 28, 2010, on Sunrise Street in Salinas, California, in the Northern District of

16  California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas

17  *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

18                        EDUARDO LEBRON, a/k/a "Warlord,"

19  willfully and intentionally attempted to murder Victim-10, in violation of California Penal Code

20  Sections 187, 188, 189, 21a, and 664.

21     All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

22  COUNT THIRTY-SIX:    (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid

23                        of Racketeering of Victim-10)

24     35.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

25  incorporated by reference as though fully set forth herein.

26     36.    On October 28, 2010, on Sunrise Street in Salinas, California, in the Northern District of

27  California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas

28  *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

- 28 -

1    EDUARDO LEBRON, a/k/a "Warlord,"

2 together with others known and unknown, knowingly and intentionally assaulted Victim-10 with a

3 dangerous weapon, in violation of California Penal Code Section 245(a)(2).

4    All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

5 <u>COUNT THIRTY-SEVEN</u>:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

6    Furtherance of Crime of Violence)

7    83.    On October 28, 2010, on Sunrise Street in Salinas, California, in the Northern District of

8 California, defendant

9    EDUARDO LEBRON, a/k/a "Warlord,"

10 knowingly used and carried a firearm during and in relation to a crime of violence for which he may be

11 prosecuted in a court of the United States, namely, the attempted murder in aid of racketeering of

12 Victim-10 charged in Count 35 of this Superseding Indictment and the assault with a dangerous weapon

13 of Victim-10 charged in Count 36 of this Superseding Indictment, and possessed, brandished, and

14 discharged a firearm in furtherance of the offense charged in Counts 35 and 36 of this Superseding

15 Indictment.

16    All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

17 <u>COUNT THIRTY-EIGHT</u>:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

18    Racketeering of Victim-11)

19    84.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

20 incorporated by reference as though fully set forth herein.

21    85.    On November 5, 2010, on Bellehaven Street in Salinas, California, in the Northern

22 District of California, for the purpose of gaining entrance to and maintaining and increasing position in

23 the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

24    VICTOR SKATES, a/k/a "Demon,"

25 willfully and intentionally attempted to murder Victim-11, in violation of California Penal Code

26 Sections 187, 188, 189, 21a, and 664.

27    All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

28 //

- 29 -

1  COUNT THIRTY-NINE:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

2                               Racketeering of Victim-12)

3      86.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

4  incorporated by reference as though fully set forth herein.

5      87.    On November 5, 2010, on Bellehaven Street in Salinas, California, in the Northern

6  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

7  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

8                          VICTOR SKATES, a/k/a "Demon,"

9  willfully and intentionally attempted to murder Victim-12, in violation of California Penal Code

10  Sections 187, 188, 189, 21a, and 664.

11      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

12  COUNT FORTY:    (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of Racketeering of

13                               Victim-13)

14      88.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

15  incorporated by reference as though fully set forth herein.

16      89.    On November 5, 2010, on Bellehaven Street in Salinas, California, in the Northern

17  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

18  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

19                          VICTOR SKATES, a/k/a "Demon,"

20  willfully and intentionally attempted to murder Victim-13, in violation of California Penal Code

21  Sections 187, 188, 189, 21a, and 664.

22      All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

23  COUNT FORTY-ONE:    (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in

24                          Aid of Racketeering of Victim-11)

25      90.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

26  incorporated by reference as though fully set forth herein.

27  //

28  //

SUPERSEDING INDICTMENT

91.     On November 5, 2010, on Bellehaven Street in Salinas, California, in the Northern District of California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

VICTOR SKATES, a/k/a "Demon,"

knowingly and intentionally assaulted Victim-11 with a dangerous weapon, in violation of California Penal Code Section 245(a)(2).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT FORTY-TWO:     (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim-12)

92.     Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

93.     On November 5, 2010, on Bellehaven Street in Salinas, California, in the Northern District of California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

VICTOR SKATES, a/k/a "Demon,"

knowingly and intentionally assaulted Victim-12 with a dangerous weapon, in violation of California Penal Code Section 245(a)(2).

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

COUNT FORTY-THREE:     (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of Racketeering of Victim-13)

94.     Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

95.     On November 5, 2010, on Bellehaven Street in Salinas, California, in the Northern District of California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

VICTOR SKATES, a/k/a "Demon,"

knowingly and intentionally assaulted Victim-13 with a dangerous weapon, in violation of California Penal Code Section 245(a)(2).

SUPERSEDING INDICTMENT

1    All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

2    COUNT FORTY-FOUR:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

3    Furtherance of Crime of Violence)

4    96.    On November 5, 2010, on Bellehaven Street in Salinas, California, in the Northern

5    District of California, defendant

6    VICTOR SKATES, a/k/a "Demon,"

7    knowingly used and carried a firearm during and in relation to a crime of violence for which he may be

8    prosecuted in a court of the United States, namely, the attempted murder in aid of racketeering of

9    Victims-11, 12 and 13 as charged in Counts 38, 39 and 40 of this Superseding Indictment and the assault

10   with a dangerous weapon in aid of racketeering of Victims-11, 12 and 13 as charged in Counts 41, 42,

11   and 43 of this Superseding Indictment, and possessed, brandished, and discharged a firearm in

12   furtherance of the offenses charged in Counts 38 through 43 of this Superseding Indictment.

13   All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

14   COUNT FORTY-FIVE:    (18 U.S.C. §§ 1959(a)(5) and 3 — Accessory After the Fact)

15   97.    On November 5, 2010, in the Northern District of California, defendant

16   ROBERT LOERA, a/k/a "Buddha,"

17   knowing that an offense against the United States had been committed, namely, the attempted murder in

18   aid of racketeering of Victims-11, 12 and 13 as charged in Counts 38, 39, and 40 of this Superseding

19   Indictment, the assault with a dangerous weapon in aid of racketeering of Victims-11, 12 and 13 as

20   charged in Counts 41, 42 and 43 of this Superseding Indictment, and the use, carrying, possession of a

21   firearm as charged in Count 44 of this Superseding Indictment, received, comforted, and assisted the

22   offenders, in order to hinder and prevent the offenders' apprehension, trial, and punishment.

23   All in violation of Title 18, United States Code, Section 3.

24   COUNT FORTY-SIX:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

25   Victim-14)

26   98.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

27   incorporated by reference as though fully set forth herein.

28

- 32 -

SUPERSEDING INDICTMENT

99.    On November 10, 2010, on Del Monte Avenue in Salinas, California, in the Northern District of California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

DANIEL CHAVEZ, a/k/a "Youngster," and

VICTOR SKATES, a/k/a "Demon,"

each aided and abetted by the other, willfully and intentionally murdered Victim-14, in violation of California Penal Code Sections 187, 188, and 189.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

<u>COUNT FORTY-SEVEN</u>:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in Murder)

100.    On November 10, 2010, on Del Monte Avenue in Salinas, California, in the Northern District of California, defendants

DANIEL CHAVEZ, a/k/a "Youngster," and

VICTOR SKATES, a/k/a "Demon,"

each aided and abetted by the other, willfully and knowingly used and carried a firearm, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-14 charged in Count 46 of this Superseding Indictment, and possessed a firearm in furtherance of such crime, and in the course of that crime caused the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a).

All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

<u>COUNT FORTY-EIGHT</u>:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence)

101.    On November 10, 2010, on Del Monte Avenue in Salinas, California, in the Northern District of California and elsewhere, defendants

DANIEL CHAVEZ, a/k/a "Youngster," and

VICTOR SKATES, a/k/a "Demon,"

each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

- 33 -

SUPERSEDING INDICTMENT

1 │ crime of violence for which they may be prosecuted in a court of the United States, namely, the murder

2 │ in aid of racketeering of Victim-14 charged in Count 46 of this Superseding Indictment, and possessed,

3 │ brandished, and discharged a firearm in furtherance of the offense charged in Count 46 of this

4 │ Superseding Indictment.

5 │      All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

6 │ <u>COUNT FORTY-NINE</u>:    (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of

7 │                         Victim-15)

8 │     102.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

9 │ incorporated by reference as though fully set forth herein.

10 │     103.    On November 19, 2010, on St. Edwards Avenue in Salinas, California, in the Northern

11 │ District of California, for the purpose of gaining entrance to and maintaining and increasing position in

12 │ the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

13 │               VICTOR SKATES, a/k/a "Demon," and

14 │               EDUARDO LEBRON, a/k/a "Warlord,"

15 │ each aided and abetted by the other, willfully and intentionally murdered Victim-15, in violation of

16 │ California Penal Code Sections 187, 188, and 189.

17 │      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

18 │ <u>COUNT FIFTY</u>:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of

19 │                  Crime of Violence Resulting in Murder)

20 │     104.    On November 19, 2010, on St. Edwards Avenue in Salinas, California, in the Northern

21 │ District of California, defendants

22 │               VICTOR SKATES, a/k/a "Demon," and

23 │               EDUARDO LEBRON, a/k/a "Warlord,"

24 │ each aided and abetted by the other, willfully and knowingly used and carried a firearm, during and in

25 │ relation to a crime of violence for which they may be prosecuted in a court of the United States, namely,

26 │ the murder in aid of racketeering of Victim-15 charged in Count 49 of this Superseding Indictment, and

27 │ possessed a firearm in furtherance of such crime, and in the course of that crime caused the death of a

28 │ person through the use of a firearm, which killing was murder as defined in Title 18, United States

SUPERSEDING INDICTMENT

1  Code, Section 1111(a).

2       All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

3  <u>COUNT FIFTY-ONE</u>:       (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

4                                    Racketeering of Victim-16)

5       105.  Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

6  incorporated by reference as though fully set forth herein.

7       106.  On November 19, 2010, on St. Edwards Avenue in Salinas, California, in the Northern

8  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

9  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

10                          VICTOR SKATES, a/k/a "Demon," and

11                          EDUARDO LEBRON, a/k/a "Warlord,"

12  each aided and abetted by the other, willfully and intentionally attempted to murder Victim-16, in

13  violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

14       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

15  <u>COUNT FIFTY-TWO</u>:       (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

16                                    Racketeering of Victim-17)

17       107.  Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

18  incorporated by reference as though fully set forth herein.

19       108.  On November 19, 2010, on St. Edwards Avenue in Salinas, California, in the Northern

20  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

21  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

22                          VICTOR SKATES, a/k/a "Demon," and

23                          EDUARDO LEBRON, a/k/a "Warlord,"

24  each aided and abetted by the other, willfully and intentionally attempted to murder Victim-17, in

25  violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

26       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

27  //

28  //

SUPERSEDING INDICTMENT

1  COUNT FIFTY-THREE: (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of

2  Racketeering of Victim-16)

3      109.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

4  incorporated by reference as though fully set forth herein.

5      110.    On November 19, 2010, on St. Edwards Avenue in Salinas, California, in the Northern

6  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

7  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

8  VICTOR SKATES, a/k/a "Demon," and

9  EDUARDO LEBRON, a/k/a "Warlord,"

10  each aided and abetted by the other, knowingly and intentionally assaulted Victim-16 with a dangerous

11  weapon, in violation of California Penal Code Section 245(a)(2).

12      All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

13  COUNT FIFTY-FOUR: (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid of

14  Racketeering of Victim-17)

15      111.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

16  incorporated by reference as though fully set forth herein.

17      112.    On November 19, 2010, on St. Edwards Avenue in Salinas, California, in the Northern

18  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

19  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

20  VICTOR SKATES, a/k/a "Demon," and

21  EDUARDO LEBRON, a/k/a "Warlord,"

22  each aided and abetted by the other, knowingly and intentionally assaulted Victim-17 with a dangerous

23  weapon, in violation of California Penal Code Section 245(a)(2).

24      All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

25  COUNT FIFTY-FIVE    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

26  Furtherance of Crime of Violence)

27      113.    On November 19, 2010, on St. Edwards Avenue in Salinas, California, in the Northern

28  District of California, defendants

- 36 -

SUPERSEDING INDICTMENT

VICTOR SKATES, a/k/a "Demon," and

EDUARDO LEBRON, a/k/a "Warlord,"

each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-15 as charged in Count 49 of this Superseding Indictment and the attempted murders in aid of racketeering of Victims-16 and 17 as charged in Counts 51 and 52 of this Superseding Indictment, and the assault with a dangerous weapon of Victims-16 and 17 as charged in Counts 53 and 54 of this Superseding Indictment, and possessed, brandished, and discharged a firearm in furtherance of the offenses charged in Counts 49, and 51 through 54 of this Superseding Indictment.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

COUNT FIFTY-SIX: (18 U.S.C. §§ 1959(a)(1) and 2 — Murder in Aid of Racketeering of Victim-18)

114.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

115.    On November 21, 2010, on Falcon Drive in Salinas, California, in the Northern District of California, for the purpose of gaining entrance to and maintaining and increasing position in the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendant

EDUARDO LEBRON, a/k/a "Warlord,"

willfully and intentionally murdered Victim-18, in violation of California Penal Code Sections 187, 188, and 189.

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

COUNT FIFTY-SEVEN:    (18 U.S.C. §§ 924(j)(1) and 2 — Use/Possession of Firearm in Furtherance of Crime of Violence Resulting in Murder)

116.    On November 21, 2010, on Falcon Drive in Salinas, California, in the Northern District of California, defendant

EDUARDO LEBRON, a/k/a "Warlord,"

willfully and knowingly used and carried a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-18 charged in Count 56 of this Superseding Indictment, and possessed a firearm in furtherance of

- 37 -

SUPERSEDING INDICTMENT

1  such crime, and in the course of that crime caused the death of a person through the use of a firearm,

2  which killing was murder as defined in Title 18, United States Code, Section 1111(a).

3          All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

4  <u>COUNT FIFTY-EIGHT</u>:       (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

5                                          Furtherance of Crime of Violence)

6          117.    On November 21, 2010, on Falcon Drive in Salinas, California, in the Northern District

7  of California, defendant

8                          EDUARDO LEBRON, a/k/a "Warlord,"

9  knowingly used and carried a firearm during and in relation to a crime of violence for which he may be

10 prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-18

11 charged in Count 56 of this Superseding Indictment, and possessed, brandished, and discharged a

12 firearm in furtherance of the offense charged in Count 56 of this Superseding Indictment.

13         All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

14 <u>COUNT FIFTY-NINE</u>:       (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

15         118.    On November 23, 2010, in the Northern District of California, defendants

16                          VICTOR SKATES, a/k/a "Demon," and

17                          ANTONIO CRUZ,

18 each aided and abetted by the other, knowingly took by force, violence, and intimidation from the

19 person and presence of another, property and money belonging to, and in the care, custody, control,

20 management, and possession of the Bank of the West in San Jose, California, the deposits of which were

21 then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault

22 and put in jeopardy the life of another person by the use of a dangerous weapon, specifically a firearm.

23         All in violation of Title 18, United States Code, Sections 2113(a) and (d), and 2.

24 <u>COUNT SIXTY</u>:       (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

25         119.    On November 23, 2010, in the Northern District of California, defendants

26                          VICTOR SKATES, a/k/a "Demon," and

27                          ANTONIO CRUZ,

28 //

- 38 -

SUPERSEDING INDICTMENT

1  each aided and abetted by the other, willfully and knowingly obstructed, delayed, and affected interstate

2  commerce and the movement of articles and commodities in commerce by robbery, as that term is

3  defined in Tile 18, United States Code, Section 1951(a), of the Bank of the West in San Jose, California.

4       All in violation of Title 18, United States Code, Sections 2113(a) and (d).

5  <u>COUNT SIXTY-ONE</u>:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

6             Furtherance of Crime of Violence)

7      120.   On November 23, 2010, in the Northern District of California, defendants

8            VICTOR SKATES, a/k/a "Demon," and

9            ANTONIO CRUZ,

10  each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

11  crime of violence for which they may be prosecuted in a court of the United States, namely, the armed

12  bank robbery charged in Count 59 of this Superseding Indictment and robbery affecting interstate

13  commerce charged in Count 60 of this Superseding Indictment, and possessed and brandished, a firearm

14  in furtherance of the offenses charged in Count 59 and 60 of this Superseding Indictment.

15      All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

16  <u>COUNT SIXTY-TWO</u>:    (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

17      121.   On December 16, 2010, in the Northern District of California, defendants

18            VICTOR SKATES, a/k/a "Demon," and

19            ANTONIO CRUZ,

20  each aided and abetted by the other, knowingly took by force, violence, and intimidation from the

21  person and presence of another, property and money belonging to, and in the care, custody, control,

22  management, and possession of the Wells Fargo bank in Watsonville, California, the deposits of which

23  were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did

24  assault and put in jeopardy the life of another person by the use of a dangerous weapon, specifically a

25  firearm.

26      All in violation of Title 18, United States Code, Sections 2113(a) and (d), and 2.

27  <u>COUNT SIXTY-THREE</u>:    (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

28      122.   On December 16, 2010, in the Northern District of California, defendants

SUPERSEDING INDICTMENT

1    VICTOR SKATES, a/k/a "Demon," and

2    ANTONIO CRUZ,

3  each aided and abetted by the other, willfully and knowingly obstructed, delayed, and affected interstate

4  commerce and the movement of articles and commodities in commerce by robbery, as that term is

5  defined in Tile 18, United States Code, Section 1951(a), of the Wells Fargo bank in Watsonville,

6  California.

7        All in violation of Title 18, United States Code, Sections 2113(a) and (d).

8  COUNT SIXTY-FOUR:        (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

9                           Furtherance of Crime of Violence)

10        123.    On December 16, 2010, in the Northern District of California, defendants

11                  VICTOR SKATES, a/k/a "Demon," and

12                  ANTONIO CRUZ,

13  each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

14  crime of violence for which they may be prosecuted in a court of the United States, namely, the armed

15  bank robbery charged in Count 62 of this Superseding Indictment and robbery affecting interstate

16  commerce charged in Count 63 of this Superseding Indictment, and possessed and brandished, a firearm

17  in furtherance of the offenses charged in Count 62 and 63 of this Superseding Indictment.

18        All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

19  COUNT SIXTY-FIVE:        (18 U.S.C. §§ 1959(a)(5) and 2 — Attempted Murder in Aid of

20                           Racketeering of Victim-19)

21        124.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

22  incorporated by reference as though fully set forth herein.

23        125.    On January 2, 2011, on St. Edwards Avenue in Salinas, California, in the Northern

24  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

25  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

26                  DANIEL CHAVEZ, a/k/a "Youngster," and

27                  EDER TORRES, a/k/a "Flaco,"

28  each aided and abetted by the other, willfully and intentionally attempted to murder Victim-19, in

- 40 -

SUPERSEDING INDICTMENT

1  violation of California Penal Code Sections 187, 188, 189, 21a, and 664.

2       All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

3  COUNT SIXTY-SIX:         (18 U.S.C. §§ 1959(a)(3) and 2 - Assault with a Dangerous Weapon in Aid

4                           of Racketeering of Victim-19)

5       126.    Paragraphs 1 through 26 and 35 of this Superseding Indictment are realleged and

6  incorporated by reference as though fully set forth herein.

7       127.    On January 2, 2011, on St. Edwards Avenue in Salinas, California, in the Northern

8  District of California, for the purpose of gaining entrance to and maintaining and increasing position in

9  the Salinas *Norteños* Enterprise, an enterprise engaged in racketeering activity, defendants

10                      DANIEL CHAVEZ, a/k/a "Youngster," and

11                      EDER TORRES, a/k/a "Flaco,"

12  each aided and abetted by the other, knowingly and intentionally assaulted Victim-19 with a dangerous

13  weapon, in violation of California Penal Code Section 245(a)(2).

14       All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

15  COUNT SIXTY-SEVEN:      (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

16                          Furtherance of Crime of Violence)

17       128.    On January 2, 2011, on St. Edwards Avenue in Salinas, California, in the Northern

18  District of California and elsewhere, defendants

19                      DANIEL CHAVEZ, a/k/a "Youngster," and

20                      EDER TORRES, a/k/a "Flaco,"

21  each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

22  crime of violence for which they may be prosecuted in a court of the United States, namely, the

23  attempted murder in aid of racketeering of Victim-19 as charged in Count 65 of this Superseding

24  Indictment and the assault with a dangerous weapon in aid of racketeering of Victim-19 as charged in

25  Count 66 of this Superseding Indictment, and possessed, brandished, and discharged a firearm in

26  furtherance of the offenses charged in Counts 65 and 66 of this Superseding Indictment.

27       All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

28  //

SUPERSEDING INDICTMENT

COUNT SIXTY-EIGHT:     (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

129.    On January 7, 2011, in the Northern District of California, defendants

VICTOR SKATES, a/k/a "Demon," and

ANTONIO CRUZ,

each aided and abetted by the other, knowingly took by force, violence, and intimidation from the person and presence of another, property and money belonging to, and in the care, custody, control, management, and possession of the Rabobank in Watsonville, California, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and in committing such offense, did assault and put in jeopardy the life of another person by the use of a dangerous weapon, specifically a firearm.

All in violation of Title 18, United States Code, Sections 2113(a) and (d), and 2.

COUNT SIXTY-NINE:     (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

130.    On January 7, 2011, in the Northern District of California, defendants

VICTOR SKATES, a/k/a "Demon," and

ANTONIO CRUZ,

each aided and abetted by the other, willfully and knowingly obstructed, delayed, and affected interstate commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Tile 18, United States Code, Section 1951(a), of the Rabobank in Watsonville, California.

All in violation of Title 18, United States Code, Sections 2113(a) and (d).

COUNT SEVENTY:     (18 U.S.C. §§ 924(c)(1)(A) and 2 –- Use/Possession of Firearm in Furtherance of Crime of Violence)

131.    On January 7, 2011, in the Northern District of California, defendants

VICTOR SKATES, a/k/a "Demon," and

ANTONIO CRUZ,

each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the armed bank robbery charged in Count 68 of this Superseding Indictment and robbery affecting interstate commerce charged in Count 69 of this Superseding Indictment, and possessed and brandished, a firearm in furtherance of the offenses charged in Count 68 and 69 of this Superseding Indictment.

SUPERSEDING INDICTMENT

1    All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

2    COUNT SEVENTY-ONE:    (18 U.S.C. §§ 2113(a) and (d), and 2 – Armed Bank Robbery)

3    132.    On April 22, 2011, in the Northern District of California, defendants

4    DANIEL CHAVEZ, a/k/a "Youngster," and

5    EDER TORRES, a/k/a "Flaco,"

6    each aided and abetted by the other, knowingly took by force, violence, and intimidation from the

7    person and presence of another, property and money belonging to, and in the care, custody, control,

8    management, and possession of the Bay Federal Credit Union in Watsonville, California, the deposits of

9    which were then insured by the National Credit Union Association, and in committing such offense, did

10    assault and put in jeopardy the life of another person by the use of a dangerous weapon, specifically a

11    firearm.

12    All in violation of Title 18, United States Code, Sections 2113(a) and (d), and 2.

13    COUNT SEVENTY-TWO:    (18 U.S.C. §§ 1951(a) and 2 – Robbery Affecting Interstate Commerce)

14    133.    On April 22, 2011, in the Northern District of California, defendants

15    DANIEL CHAVEZ, a/k/a "Youngster," and

16    EDER TORRES, a/k/a "Flaco,"

17    each aided and abetted by the other, willfully and knowingly obstructed, delayed, and affected interstate

18    commerce and the movement of articles and commodities in commerce by robbery, as that term is

19    defined in Tile 18, United States Code, Section 1951(a), of the Bay Federal Credit Union in Watsonville,

20    California.

21    All in violation of Title 18, United States Code, Sections 2113(a) and (d).

22    COUNT SEVENTY-THREE:    (18 U.S.C. §§ 924(c)(1)(A) and 2 — Use/Possession of Firearm in

23    Furtherance of Crime of Violence)

24    134.    On April 22, 2011, in the Northern District of California, defendants

25    DANIEL CHAVEZ, a/k/a "Youngster," and

26    EDER TORRES, a/k/a "Flaco,"

27    each aided and abetted by the other, knowingly used and carried a firearm during and in relation to a

28    crime of violence for which he may be prosecuted in a court of the United States, namely, the armed

- 43 -

SUPERSEDING INDICTMENT

1   bank robbery charged in Count 71 of this Superseding Indictment and robbery affecting interstate

2   commerce charged in Count 72 of this Superseding Indictment, and possessed, brandished, and

3   discharged a firearm in furtherance of the offenses charged in Count 71 and 72 of this Superseding

4   Indictment.

5        All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

6   FORFEITURE ALLEGATION:

7        135.   The factual allegations contained in Counts 1-73 of this Indictment are hereby re-alleged

8   and by this reference fully incorporated herein for the purpose of alleging forfeiture as set forth below.

9        136.   Upon conviction of the offenses alleged in Count 1 of this Indictment, the defendants,

10             DANIEL CHAVEZ, a/k/a "Youngster,"

11             VICTOR SKATES, a/k/a "Demon,"

12             EDUARDO LEBRON, a/k/a "Warlord,"

13             EDER TORRES, a/k/a "Flaco,"

14             JULIAN RUIZ, a/k/a "JJ,"

15             ANTONIO CRUZ,

16             TERRELL GOLDEN, a/k/a "G,"

17             ANTHONY LEK, and

18             ROBERT LOERA, a/k/a "Buddha,"

19   shall forfeit to the United States of America, pursuant to 18 U.S.C. § 1963:

20           a.    any interest acquired or maintained in violation of section 1962;

21           b.    any interest in, security of, claim against, or property or contractual right of any

22   kind affording a source of influence over, any enterprise which the defendants established, operated,

23   controlled, conducted, or participated in the conduct of, in violation of section 1962; and

24           c.    any property constituting, or derived from, any proceeds obtained, directly or

25   indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

26        137.   Upon conviction of one or more of the offenses alleged in Counts 4, 7, 9-10, 13-14, 16-

27   17, 20, 22-23, 25, 27-28, 30-31, 33-34, 37, 44, 47-48, 50, 55, 57-58, 61, 64, 67, 70, and 73 of this

28   Indictment, the defendants,

SUPERSEDING INDICTMENT

1    DANIEL CHAVEZ, a/k/a "Youngster,"

2    VICTOR SKATES, a/k/a "Demon,"

3    EDUARDO LEBRON, a/k/a "Warlord,"

4    EDER TORRES, a/k/a "Flaco,"

5    JULIAN RUIZ, a/k/a "JJ,"

6    ANTONIO CRUZ,

7    TERRELL GOLDEN, a/k/a "G,"

8    ANTHONY LEK, and

9    ROBERT LOERA, a/k/a "Buddha,"

10    shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1),

11    any firearm or ammunition involved in or used in any knowing violation of said offenses, or a

12    conspiracy to commit said offenses.

13        138.    Upon conviction of any of the offenses alleged in Counts 5, 6, 24, 60, 63, 69, 71, and 72

14    of this Indictment, the defendants,

15    DANIEL CHAVEZ, a/k/a "Youngster,"

16    VICTOR SKATES, a/k/a "Demon,"

17    EDUARDO LEBRON, a/k/a "Warlord,"

18    EDER TORRES, a/k/a "Flaco,"

19    JULIAN RUIZ, a/k/a "JJ,"

20    ANTONIO CRUZ,

21    TERRELL GOLDEN, a/k/a "G,"

22    ANTHONY LEK, and

23    ROBERT LOERA, a/k/a "Buddha,"

24    shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

25    § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to said

26    offenses, or a conspiracy to commit said offenses.

27        139.    If, as a result of any act or omission of the defendants, any of the property subject to

28    forfeiture

- 45 -

SUPERSEDING INDICTMENT

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without

      difficulty;

any and all interest defendants have in any other property (up to the value of the property subject to forfeiture), shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

All in violation of 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), 982(b)(1), 1963; 21 U.S.C. § 853; 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

NOTICE OF SPECIAL SENTENCING FACTORS FOR COUNT 1

Number 1: Conspiracy to Commit Murder

140.    Beginning in 2009, and continuing through 2011, in the Northern District of California and elsewhere, the defendants,

DANIEL CHAVEZ, a/k/a "Youngster,"

VICTOR SKATES, a/k/a "Demon,"

EDUARDO LEBRON, a/k/a "Warlord,"

EDER TORRES, a/k/a "Flaco,"

JULIAN RUIZ, a/k/a "JJ,"

ANTONIO CRUZ,

TERRELL GOLDEN, a/k/a "G,"

ANTHONY LEK, and

ROBERT LOERA, a/k/a "Buddha,"

together with others, knowingly and intentionally conspired to commit murder, in violation of California Penal Code Sections 187, 188, 189, and 182, specifically, the defendants agreed together and with each other to kill, with malice aforethought, actual and suspected members of rival gangs, *Norteño* dropouts,

- 46 -

1  individuals suspected of cooperating with law enforcement, individuals who defied the will of the

2  Salinas *Norteños* Enterprise, and others when it furthered the status and goals of the Enterprise.

3  <u>Number 2: DANIEL CHAVEZ and VICTOR SKATES - First Degree Murder of Victim-1</u>

4       141.  On January 15, 2009, in the Northern District of California, defendants

5            DANIEL CHAVEZ, a/k/a "Youngster," and

6            VICTOR SKATES, a/k/a "Demon,"

7  willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

8  Victim-1, in violation of California Penal Code Sections 187, 188, and 189.

9  <u>Number 3: DANIEL CHAVEZ and VICTOR SKATES - First Degree Murder of Victim-2</u>

10       142.  On August 2, 2009, in the Northern District of California, defendants

11            DANIEL CHAVEZ, a/k/a "Youngster," and

12            VICTOR SKATES, a/k/a "Demon,"

13  willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

14  Victim-2, in violation of California Penal Code Sections 187, 188, and 189.

15  <u>Number 4: DANIEL CHAVEZ and VICTOR SKATES - First Degree Murder of Victim-3</u>

16       143.  On August 2, 2009, in the Northern District of California, defendants

17            DANIEL CHAVEZ, a/k/a "Youngster," and

18            VICTOR SKATES, a/k/a "Demon,"

19  willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

20  Victim-3, in violation of California Penal Code Sections 187, 188, and 189.

21  <u>Number 5: VICTOR SKATES and TERRELL GOLDEN- First Degree Murder of Victim-4</u>

22       144.  On September 10, 2009, in the Northern District of California, defendants

23            VICTOR SKATES, a/k/a "Demon," and

24            TERRELL GOLDEN, a/k/a "G,"

25  willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

26  Victim-4, in violation of California Penal Code Sections 187, 188, and 189.

27  <u>Number 6: ANTONIO CRUZ - First Degree Murder of Victim-5</u>

28       145.  On December 2, 2009, in the Northern District of California, defendant

SUPERSEDING INDICTMENT

1    ANTONIO CRUZ,

2    willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

3    Victim-5, in violation of California Penal Code Sections 187, 188, and 189.

4    Number 7: DANIEL CHAVEZ and VICTOR SKATES - First Degree Murder of Victim-6

5    146.    On December 11, 2009, in the Northern District of California, defendants

6    DANIEL CHAVEZ, a/k/a "Youngster,"

7    VICTOR SKATES, a/k/a "Demon,"

8    willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

9    Victim-6, in violation of California Penal Code Sections 187, 188, and 189.

10    Number 8: ANTONIO CRUZ - First Degree Murder of Victim-7

11    147.    On August 17, 2010, in the Northern District of California, defendant

12    ANTONIO CRUZ,

13    willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

14    Victim-7, in violation of California Penal Code Sections 187, 188, and 189.

15    Number 9: VICTOR SKATES and EDER TORRES- First Degree Murder of Victim-8

16    148.    On September 28, 2010, in the Northern District of California, defendants

17    VICTOR SKATES, a/k/a "Demon," and

18    EDER TORRES, a/k/a "Flaco,"

19    willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

20    Victim-8, in violation of California Penal Code Sections 187, 188, and 189.

21    Number 10: VICTOR SKATES - First Degree Murder of Victim-9

22    149.    On October 1, 2010, in the Northern District of California, defendant

23    VICTOR SKATES, a/k/a "Demon,"

24    willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

25    Victim-9, in violation of California Penal Code Sections 187, 188, and 189.

26    Number 11: EDUARDO LEBRON - Attempted First Degree Murder of Victim-10

27    150.    On October 28, 2010, in the Northern District of California, defendant

28    EDUARDO LEBRON, a/k/a "Warlord,"

- 48 -

SUPERSEDING INDICTMENT

1  willfully and intentionally, and with deliberation and premeditation, did attempt to kill, with malice

2  aforethought, Victim-10, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

3  Number 12: VICTOR SKATES – Attempted First Degree Murder of Victim-11

4        151.    On November 5, 2010, in the Northern District of California, defendant

5                     VICTOR SKATES, a/k/a "Demon,"

6  willfully and intentionally, and with deliberation and premeditation, did attempt to kill, with malice

7  aforethought, Victim-11, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

8  Number 13: VICTOR SKATES – Attempted First Degree Murder of Victim-12

9        152.    On November 5, 2010, in the Northern District of California, defendant

10                     VICTOR SKATES, a/k/a "Demon,"

11  willfully and intentionally, and with deliberation and premeditation, did attempt to kill, with malice

12  aforethought, Victim-12, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

13  Number 14: VICTOR SKATES – Attempted First Degree Murder of Victim-13

14        153.    On November 5, 2010, in the Northern District of California, defendant

15                     VICTOR SKATES, a/k/a "Demon,"

16  willfully and intentionally, and with deliberation and premeditation, did attempt to kill, with malice

17  aforethought, Victim-13, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

18  Number 15: DANIEL CHAVEZ and VICTOR SKATES - First Degree Murder of Victim-14

19        154.    On November 10, 2010, in the Northern District of California, defendants

20                     DANIEL CHAVEZ, a/k/a "Youngster,"

21                     VICTOR SKATES, a/k/a "Demon,"

22  willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

23  Victim-14, in violation of California Penal Code Sections 187, 188, and 189.

24  Number 16: VICTOR SKATES and EDUARDO LEBRON - First Degree Murder of Victim-15

25        155.    On November 19, 2010, in the Northern District of California, defendants

26                     VICTOR SKATES, a/k/a "Demon," and

27                     EDUARDO LEBRON, a/k/a "Warlord,"

28

- 49 -

1  willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

2  Victim-15, in violation of California Penal Code Sections 187, 188, and 189.

3  Number 17: VICTOR SKATES and EDUARDO LEBRON– Attempted First Degree Murder of Victim-

4  16

5      156.    On November 19, 2010, in the Northern District of California, defendants

6                  VICTOR SKATES, a/k/a "Demon," and

7                  EDUARDO LEBRON, a/k/a "Warlord,"

8  willfully and intentionally, and with deliberation and premeditation, did attempt to kill, with malice

9  aforethought, Victim-16, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

10  Number 18: VICTOR SKATES and EDUARDO LEBRON– Attempted First Degree Murder of Victim-

11  17

12      157.    On November 19, 2010, in the Northern District of California, defendants

13                  VICTOR SKATES, a/k/a "Demon," and

14                  EDUARDO LEBRON, a/k/a "Warlord,"

15  willfully and intentionally, and with deliberation and premeditation, did attempt to kill, with malice

16  aforethought, Victim-17, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

17  Number 19: EDUARDO LEBRON - First Degree Murder of Victim-18

18      158.    On November 21, 2010, in the Northern District of California, defendant

19                  EDUARDO LEBRON, a/k/a "Warlord,"

20  willfully and intentionally, and with deliberation and premeditation, killed, with malice aforethought,

21  Victim-18, in violation of California Penal Code Sections 187, 188, and 189.

22  Number 20: DANIEL CHAVEZ and EDER TORRES– Attempted First Degree Murder of Victim-19

23      159.    On January 2, 2011, in the Northern District of California, defendants

24                  DANIEL CHAVEZ, a/k/a "Youngster," and

25                  EDER TORRES, a/k/a "Flaco,"

26  willfully and intentionally, and with deliberation and premeditation, did attempt to kill, with malice

27  aforethought, Victim-19, in violation of California Penal Code, Sections 187, 188, 189, 21a, and 664.

28  //

SUPERSEDING INDICTMENT

NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT DANIEL CHAVEZ

160.    The allegations of Counts Eight, Nine, 11, 12, 13, 21, 22, 46, and 47 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

161.    As to Counts Eight, Nine, 11, 12, 13, 21, 22, 46, and 47 of this Superseding Indictment, defendant DANIEL CHAVEZ, a/k/a "Youngster,":

(1)     was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2)     intentionally killed the Victims named in the respective capital counts (18 U.S.C. § 3591(a)(2)(A));

(3)     intentionally inflicted serious bodily injury that resulted in the death of the Victim named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

(4)     intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the Victims named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

(5)     intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and the Victims named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

162.    As to Counts Eight, Nine, 11, 12, and 13 of this Superseding Indictment, defendant DANIEL CHAVEZ, a/k/a "Youngster," in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the Victim of the offense (18 U.S.C. § 3592(c)(5)).

163.    As to Counts Eight, Nine, 11, 12, 13, 21, 22, 46, and 47 of this Superseding Indictment, defendant DANIEL CHAVEZ, a/k/a "Youngster," committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

SUPERSEDING INDICTMENT

164.    As to Counts 46 and 47 of this Superseding Indictment, defendant DANIEL CHAVEZ, a/k/a "Youngster," committed the offense against a Victim who was particularly vulnerable due to youth or infirmity (18 U.S.C. § 3592(c)(11)).

165.    As to Counts Eight, Nine, 11, 12, and 13, of this Superseding Indictment, defendant DANIEL CHAVEZ, a/k/a "Youngster," intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

<u>NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT VICTOR SKATES</u>

166.    The allegations of Counts Eight, Nine, 11, 12, 13, 15, 16, 21, 22, 29, 30, 32, 33, 46, 47, 49, and 50 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

167.    As to Counts Eight, Nine, 11, 12, 13, 15, 16, 21, 22, 29, 30, 32, 33, 46, 47, 49, and 50 of this Superseding Indictment, defendant VICTOR SKATES, a/k/a "Demon,":

(1)    was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2)    intentionally killed the Victims named in the respective capital counts (18 U.S.C. § 3591(a)(2)(A));

(3)    intentionally inflicted serious bodily injury that resulted in the death of the Victim named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

(4)    intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the Victims named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

(5)    intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and the Victims named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

SUPERSEDING INDICTMENT

168.    As to Counts Eight, Nine, 11, 12, 13, 15, 16, 21, 22, 29, 30, 32, 33, 46, 47, 49, and 50 of this Superseding Indictment, defendant VICTOR SKATES, a/k/a "Demon," has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted use or threatened use of a firearm against another person (18 U.S.C. § 3592(c)(2)).

169.    As to Counts Eight, Nine, 11, 12, 13, 15, 16, 29, 30, 32, 33, 49, and 50 of this Superseding Indictment, defendant VICTOR SKATES, a/k/a "Demon," in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the Victim of the offense (18 U.S.C. § 3592(c)(5)).

170.    As to Counts Eight, Nine, 11, 12, 13, 15, 16, 21, 22, 29, 30, 32, 33, 46, 47, 49, and 50 of this Superseding Indictment, defendant VICTOR SKATES, a/k/a "Demon," committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

171.    As to Counts 15, 16, 29, 30, 32, 33, 46, and 47 of this Superseding Indictment, defendant VICTOR SKATES, a/k/a "Demon," committed the offense against a Victim who was particularly vulnerable due to youth or infirmity (18 U.S.C. § 3592(c)(11)).

172.    As to Counts Eight, Nine, 11, 12, 13, 15, 16, 29, 30, 49, and 50 of this Superseding Indictment, defendant VICTOR SKATES, a/k/a "Demon," intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592(c)(16)).

NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT EDUARDO LEBRON

173.    The allegations of Counts 49, 50, 56, and 57 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

174.    As to Counts 49, 50, 56, and 57 of this Superseding Indictment, defendant EDUARDO LEBRON, a/k/a "Warlord,":

(1)    was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2)    intentionally killed the Victims named in the respective capital counts (18 U.S.C. § 3591(a)(2)(A));

- 53 -

SUPERSEDING INDICTMENT

1    (3)    intentionally inflicted serious bodily injury that resulted in the death of the Victim

2  named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

3    (4)    intentionally participated in one or more acts, contemplating that the life of a

4  person would be taken or intending that lethal force would be used in connection with a person, other

5  than a participant in the offense, and the Victims named in the respective capital counts died as a direct

6  result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

7    (5)    intentionally and specifically engaged in one or more acts of violence, knowing

8  that the act or acts created a grave risk of death to a person, other than a participant in the offense, such

9  that participation in such act or acts constituted a reckless disregard for human life, and the Victims

10  named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. §

11  3591(a)(2)(D)).

12    175.    As to Counts 49, 50, 56, and 57 of this Superseding Indictment, defendant EDUARDO

13  LEBRON, a/k/a "Warlord," has previously been convicted of a Federal or State offense punishable by a

14  term of imprisonment of more than 1 year, involving the use or attempted use or threatened use of a

15  firearm against another person (18 U.S.C. § 3592(c)(2)).

16    176.    As to Counts 49 and 50 of this Superseding Indictment, defendant EDUARDO

17  LEBRON, a/k/a "Warlord," in the commission of the offense, knowingly created a grave risk of death to

18  one or more persons in addition to the Victim of the offense (18 U.S.C. § 3592(c)(5)).

19    177.    As to Counts 49, 50, 56, and 57 of this Superseding Indictment, defendant EDUARDO

20  LEBRON, a/k/a "Warlord," committed the offense after substantial planning and premeditation to cause

21  the death of a person (18 U.S.C. § 3592(c)(9)).

22    178.    As to Counts 49 and 50 of this Superseding Indictment, defendant EDUARDO

23  LEBRON, a/k/a "Warlord," intentionally killed or attempted to kill more than one person in a single

24  criminal episode. (18 U.S.C. § 3592(c)(16)).

25    NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT EDER TORRES

26    179.    The allegations of Counts 29 and 30 of this Superseding Indictment are realleged and

27  incorporated by reference as though fully set forth herein.

28  //

- 54 -

SUPERSEDING INDICTMENT

180.    As to Counts 29 and 30 of this Superseding Indictment, defendant EDER TORRES, a/k/a "Flaco,":

(1)    was more than 18 years of age at the time of the offenses (18 U.S.C. § 3591(a));

(2)    intentionally killed the Victims named in the respective capital counts (18 U.S.C. § 3591(a)(2)(A));

(3)    intentionally inflicted serious bodily injury that resulted in the death of the Victim named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

(4)    intentionally participated in one or more acts, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offense, and the Victims named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

(5)    intentionally and specifically engaged in one or more acts of violence, knowing that the act or acts created a grave risk of death to a person, other than a participant in the offense, such that participation in such act or acts constituted a reckless disregard for human life, and the Victims named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. § 3591(a)(2)(D)).

181.    As to Counts 29 and 30 of this Superseding Indictment, defendant EDER TORRES, a/k/a "Flaco," has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted use or threatened use of a firearm against another person (18 U.S.C. § 3592(c)(2)).

182.    As to Counts 29 and 30 of this Superseding Indictment, defendant EDER TORRES, a/k/a "Flaco," in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the Victim of the offense (18 U.S.C. § 3592(c)(5)).

183.    As to Counts 29 and 30 of this Superseding Indictment, defendant EDER TORRES, a/k/a "Flaco," committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

//

- 55 -

SUPERSEDING INDICTMENT

1      184.    As to Counts 29 and 30 of this Superseding Indictment, defendant EDER TORRES, a/k/a

2  "Flaco," committed the offense against a Victim who was particularly vulnerable due to youth (18

3  U.S.C. § 3592(c)(11)).

4      185.    As to Counts 29 and 30 of this Superseding Indictment, defendant EDER TORRES, a/k/a

5  "Flaco," intentionally killed or attempted to kill more than one person in a single criminal episode. (18

6  U.S.C. § 3592(c)(16)).

7          NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT ANTONIO CRUZ

8      186.    The allegations of Counts 18, 19, 26, and 27 of this Superseding Indictment are realleged

9  and incorporated by reference as though fully set forth herein.

10      187.    As to Counts 18, 19, 26, and 27 of this Superseding Indictment, defendant ANTONIO

11  CRUZ:

12          (1)    was more than 18 years of age at the time of the offenses (18 U.S.C.

13  § 3591(a));

14          (2)    intentionally killed the Victims named in the respective capital

15  counts (18 U.S.C. § 3591(a)(2)(A));

16          (3)    intentionally inflicted serious bodily injury that resulted in the death of the Victim

17  named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

18          (4)    intentionally participated in one or more acts, contemplating that the life of a

19  person would be taken or intending that lethal force would be used in connection with a person, other

20  than a participant in the offense, and the Victims named in the respective capital counts died as a direct

21  result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

22          (5)    intentionally and specifically engaged in one or more acts of violence, knowing

23  that the act or acts created a grave risk of death to a person, other than a participant in the offense, such

24  that participation in such act or acts constituted a reckless disregard for human life, and the Victims

25  named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. §

26  3591(a)(2)(D)).

27  //

28  //

SUPERSEDING INDICTMENT

1     188.     As to Counts 18, 19, 26, and 27 of this Superseding Indictment, defendant ANTONIO

2   CRUZ, committed the offense after substantial planning and premeditation to cause the death of a

3   person (18 U.S.C. § 3592(c)(9)).

4     189.     As to Counts 26 and 27 of this Superseding Indictment, defendant ANTONIO CRUZ

5   committed the offense against a Victim who was particularly vulnerable due to youth (18 U.S.C. §

6   3592(c)(11)).

7   <u>NOTICE OF SPECIAL FINDINGS REGARDING DEFENDANT TERRELL GOLDEN</u>

8     190.     The allegations of Counts 15 and 16 of this Superseding Indictment are realleged and

9   incorporated by reference as though fully set forth herein.

10     191.     As to Counts 15 and 16 of this Superseding Indictment, defendant TERRELL GOLDEN,

11   a/k/a "G,":

12          (1)     was more than 18 years of age at the time of the offenses (18 U.S.C.

13   § 3591(a));

14          (2)     intentionally killed the Victims named in the respective capital

15   counts (18 U.S.C. § 3591(a)(2)(A));

16          (3)     intentionally inflicted serious bodily injury that resulted in the death of the Victim

17   named in the respective capital counts (18 U.S.C. § 3591(a)(2)(B));

18          (4)     intentionally participated in one or more acts, contemplating that the life of a

19   person would be taken or intending that lethal force would be used in connection with a person, other

20   than a participant in the offense, and the Victims named in the respective capital counts died as a direct

21   result of such act or acts (18 U.S.C. § 3591(a)(2)(C)); and

22          (5)     intentionally and specifically engaged in one or more acts of violence, knowing

23   that the act or acts created a grave risk of death to a person, other than a participant in the offense, such

24   that participation in such act or acts constituted a reckless disregard for human life, and the Victims

25   named in the respective capital counts died as a direct result of such act or acts (18 U.S.C. §

26   3591(a)(2)(D)).

27   //

28   //

SUPERSEDING INDICTMENT

1    192.    As to Counts 15 and 16 of this Superseding Indictment, defendant TERRELL GOLDEN,

2  a/k/a "G," in the commission of the offense, knowingly created a grave risk of death to one or more

3  persons in addition to the Victim of the offense (18 U.S.C. § 3592(c)(5)).

4    193.    As to Counts 15 and 16 of this Superseding Indictment, defendant TERRELL GOLDEN,

5  a/k/a "G," committed the offense after substantial planning and premeditation to cause the death of a

6  person (18 U.S.C. § 3592(c)(9)).

7    194.    As to Counts 15 and 16 of this Superseding Indictment, defendant TERRELL GOLDEN,

8  a/k/a "G," committed the offense against a Victim who was particularly vulnerable due to youth (18

9  U.S.C. § 3592(c)(11)).

10    195.    As to Counts 15 and 16 of this Superseding Indictment, defendant TERRELL GOLDEN,

11  a/k/a "G," intentionally killed or attempted to kill more than one person in a single criminal episode. (18

12  U.S.C. § 3592(c)(16)).

13

14  DATED: October 28, 2015

15                                              A TRUE BILL

16

17                                              Deputy
                                                FOREPERSON

18

19

20  BRIAN J. STRETCH
    Acting United States Attorney

21

22

23  DAVID R. CALLAWAY
    Chief, Criminal Division

24

25  (Approved as to form: _____
                                STEPHEN MEYER

26                              Assistant United States Attorney

27

28

                                    - 58 -

SUPERSEDING INDICTMENT